21669

Sadie SHROPSHIRE, Appellant, v. Dace JONES, Jr., Respondent.
(289 S. E. (2d) 410)

*Daphne D. Sipes* and *H. Jackson Gregory*, of *Holler & Gregory*, Columbia, *for appellant.*

*Robert R. Carpenter*, of *Roddey, Carpenter & White*, Rock Hill, *for respondent.*

March 10, 1982.

Lewis, Chief Justice:

Appellant brought this action to recover damages allegedly sustained from the negligent failure of respondent to assist appellant in filing a Workmen's Compensation claim after he had promised to do so. This appeal is from an order of the lower court granting summary judgment in respondent's favor.

In considering whether the lower court was correct in granting summary judgment, the facts and all reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion (here plaintiff-appellant). A motion for summary judgment will be granted only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Sumter Dairies, Inc. v. Pelfrey*, 268 S. C. 437, 234 S. E. (2d) 490; *Marchant v. Mitchell Distributing Company*, 270 S. C. 29, 240 S. E. (2d) 511.

This controversy arises out of the unsuccessful efforts of appellant to prosecute a claim for Workmen's Compensation benefits. The trial judge correctly held that there were no factual issues for trial.

Appellant sustained a back injury on August 12, 1973 in the course of her employment as a nurse with Elliott White Springs Memorial Hospital. Respondent was the hospital administrator at the time appellant was injured.

As a result of her injury, appellant was absent from work for a period of time but received full wages; and, upon being notified of her injury in accordance with the reporting requirement of Section 42-19-10 of the 1976 Code of Laws, the insurance carrier paid her medical expenses. She subsequently returned to work but was discharged seven (7) months later, allegedly due to her inability to cope with the physical requirements of her employment.

Appellant was thereafter denied Workmen's Compensation benefits because of her failure to file a claim with the Industrial Commission within the then one year limitation period. The Industrial Commission found that she had not

been misled or deceived by her employer in connection with the filing of her claim, and his finding was affirmed by order of the circuit court. Appeal from that order was dismissed.

This action was then brought by appellant against respondent, the hospital administrator, to recover damages upon allegations that respondent, in effect, promised to assist her with her claim for Workmen's Compensation and negligently failed to do so. It is alleged that the failure of respondent to assist appellant, as he promised, resulted in the denial of her claim because it was not timely filed.

Paragraphs 5 and 6 of appellant's complaint set forth the basis for the present cause of action:

5. That defendant [respondent] knew of plaintiff's [appellant's] injuries and of her right to claim Workmen's Compensation at the time of said injuries, and that on numerous occasions within one (1) year thereof plaintiff attempted to discuss her claim with defendant to obtain his assistance and advice, but defendant failed and refused to talk with her until on or about February 1974. That defendant advised plaintiff that he would *look into the matter,* but it was not until October 1974, when defendant informed plaintiff that she would not be able to claim under Workmen's Compensation. (Emphasis added.)

6. That, . . . , defendant's position with the hospital and his knowledge of plaintiff's injuries and her right to file a Workmen's Compensation claim imposed upon defendant a duty to timely discuss this problem with plaintiff and assist her in timely filing said claim; however, defendant negligently failed to do so.

Respondent interposed a general denial of the material allegations of the complaint.

The affidavits of appellant, filed in opposition to the motion for summary judgment, state that, on the date she was discharged, she asked respondent "to explain what could be done for me in two personal matters: (1) my loss of employment and (2) my back injury. At the time I talked with [respondent], I was no longer an employee of the Elliott

White Springs Memorial Hospital after having been fired about one hour prior." Her affidavit further states that, in this conversation, respondent "assured me that he would personally look into the two matters and then get back in touch with me about them." Her statement is also to the effect that she thereafter waited to hear from respondent, but he failed to contact her. After several unsuccessful attempts to talk to respondent during the summer and fall of 1974, she persuaded a member of the hospital board to make an appointment for her with respondent. He then told her that she would not be rehired by the hospital and that she would receive nothing for her back injury. The time had then expired within which to file her claim for Workmen's Compensation, which she says was due to respondent's failure to look into the matter as promised.

Appellant seeks to establish liability for the alleged negligent performance of a gratuitous promise to render services. This cause of action is thus summarized in Restatement of Torts 2d; Section 323:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

Appellant admits in her brief that the alleged obligation of respondent to assist her with her claim for Workmen's Compensation benefits did not arise out of any "employee-employer relationship with respondent since her employment had already terminated." Rather she states in her brief that the issue in this case is whether a duty was created on behalf of appellant by the actions of respondent in assuring appellant "he would personally look into the two matters and then get back in touch with [her] about them."

We need not examine into the existence or nature of the cause of action asserted by appellant; for, in any event, we have difficulty in holding that a legal obligation arises from the alleged indefinite and nebulous statement of respondent that he would "look into the matter" and then get back in touch with appellant. Assuming however that the statement of respondent created a factual issue as to the nature and extent of his obligation, the record shows conclusively that there was no reasonable or justified reliance by appellant upon respondent to advise or assist her in filing her claim for Workmen's Compensation benefits. Respondent had terminated appellant's employment and, according to her affidavits, repeatedly refused to see her or discuss her claims arising out of the back injury. While the complete proceedings before the Industrial Commission are not a part of this record or pled as a bar, the truth of the statement in the order of the trial judge, that the Commission found appellant had not been deceived or misled by her employer in connection with the filing of her claim, is not challenged.

The repeated refusal of respondent to talk to appellant about the matter, viewed in the light of the indefinite statement that he would "look into the matter" afforded no reasonable basis for reliance by appellant on respondent for assistance in filing her claim. There was simply no entry into performance upon which reliance could reasonably be placed.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.