22114

Peggy S. MAIN, Respondent, v. Mazie R. CORLEY, Appellant.
(316 S. E. (2d) 406)

Supreme Court

*J. Wesley Crum, III,* Denmark, *for appellant.*

*J. Terry Poole,* Barnwell, *for respondent.*

Heard April 17, 1984.

Decided May 24, 1984.

LITTLEJOHN, Chief Justice:

Plaintiff-Respondent, Peggy S. Main, (buyer) brought this action for specific performance of a contract to buy land from Defendant-Appellant, Mazie R. Corley, (seller). The trial judge granted the buyer's motion for summary judgment. This appeal followed. We affirm.

The initial parties to the contract were Mazie R. Corley who proposed to sell the real estate to buyers, Frank D. Wooldridge and Betty L. Wooldridge. The contract is regular in all respects being properly witnessed and probated in keeping with the law relative to real estate in South Carolina. The rights of purchasers, Frank D. Wooldridge and Betty L. Wooldridge, were assigned to the buyer who brings this action. The showing made by the buyer as a basis of summary judgment consisted of the contract, an affidavit of the attorney who prepared the original contract of sale, and an affidavit of a witness to the instrument. There was also evidence that the seller had previously undertaken to institute an action in court based on the contract and that installment payments had been made consistent with the contract. There was no satisfactory explanation as to what the payments were for unless to be applied to the contract. The only evidence the seller introduced was the testimony of her husband who stated that the signature on the contract was not hers.

In considering whether summary judgment was appropriate, the trial court and this court must view the evidence in the light most favorable to the party opposing the motion. *Shropshire v. Jones,* 277 S. C. 468, 289 S. E. (2d) 410 (1982). Summary judgment is appropriate in those cases in which plain, palpable and indisputable facts exist on which reasonable minds cannot differ. *Williams v. Chesterfield Lumber Company,* 267 S. C. 607, 230 S. E. (2d) 447 (1976).

A motion for summary judgment is akin to a motion for a directed verdict. In each instance, one party must lose as a matter of law. A motion for a directed verdict

speaks in terms of "only one reasonable inference." A motion for a summary judgment speaks in terms of "no genuine issue as to material facts." It is not sufficient that one create an inference which is not reasonable. Similarly, it is not sufficient that one create an issue of fact that is not genuine.

It would hardly be argued that the testimony of a witness who said he saw a wreck in South Carolina would raise a factual issue if he simultaneously admitted that he was in a hospital in Boston, Massachusetts, at the time. The judge is not required to single out some one morsel of evidence and attach to it great significance when patently the evidence is introduced solely in a vain attempt to create an issue of fact that is not genuine. In this case, the seller did not introduce any evidence, such as an affidavit by the seller herself that the signature was not hers, that created a genuine issue of fact.

We conclude that, if there is any issue of fact involved in this proceeding, the same was not genuine and the trial judge properly granted the motion for summary judgment.

Affirmed.

NESS, GREGORY and HARWELL, JJ., and JOSEPH R. MOSS, as Acting Associate Justice, concur.