2059

Linda SHULER and Donald Shuler, Appellants v.
TUOMEY REGIONAL MEDICAL CENTER, INC., Respondent.

(437 S.E. (2d) 128)

Court of Appeals

*David W. Goldman* and *Terrell T. Horne, Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellants.*

*Harold W. Jacobs* and *Julian Hennig, III, Nexsen, Pruett, Jacobs & Pollard,* Columbia, *for respondent.*

Heard May 18, 1993.

Decided August 9, 1993.

BURNETT, Acting Judge:

Linda Shuler brought this action for outrage against Tuomey Regional Medical Center, after the hospital's emergency room physician misdiagnosed her as having gonorrhea. Donald Shuler claims damages for loss of consortium. The trial court granted summary judgment for Tuomey, stating that Shuler failed to establish an apparent agency relationship between Tuomey and the physician. Shuler appeals. We affirm.

I.

In June 1987, Tuomey entered into a written agreement with Coastal Physicians Services, Inc., whereby Coastal would provide emergency room physicians to Tuomey. The agree-

ment, in pertinent part, provides that ". . . (Tuomey) desires to assure . . . medical direction of (Tuomey's) emergency room services by the independent contractor-physicians supplied by (Coastal)" . . .; . . . (Coastal) is willing to . . . (provide) independent contractor-physicians. . . ." By the agreement Tuomey agrees to exercise no "control over the means, manner, or methods by which any Physician supplied by (Coastal) carries out his duties. . . ." The clear intent of the agreement is to establish an independent contractor relationship with Coastal.

To establish an apparent agency relationship between Tuomey and the emergency room physicians, Shuler must prove: (1) that the purported principal consciously or impliedly represented another to be his agent; (2) that there was a reliance upon the representation; and (3) that there was a change of position to the relying party's detriment. *Watkins v. Mobile Oil Corporation*, 291 S.C. 62, 352 S.E. (2d) 284 (1986); *Graves v. Serbin Farms, Inc.*, 306 S.C. 60, 409 S.E. (2d) 769 (1991). Shuler fails, as noted by the trial court, to point to any evidence from which reliance could be inferred so as to support an apparent agency theory. *See Vereen v. Liberty Life Ins. Co.*, 306 S.C. 423, 412 S.E. (2d) 425, 428 (Ct. App. 1991) ("Apparent authority may serve as a basis of liability for a principal only when the principal manifests . . . that the agent has certain authority and the third party reasonably relies on that manifestation.").

Summary judgment is appropriate in those cases in which plain, palpable and undisputable facts exist on which reasonable minds cannot differ. It is not sufficient that one create an inference which is not reasonable or an issue of fact that is not genuine. *Main v. Corley*, 281 S.C. 525, 316 S.E. (2d) 406 (1984). Summary judgment is appropriate only when the pleadings, depositions, interrogatory answers, admissions, and affidavits show that there is no genuine issue of material fact. *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct 993, 993, 8 L.Ed. (2d) 176 (1962).

## II.

Shuler's second argument, that emergency room services constitute a non-delegable duty, is not preserved for appeal. Neither Shuler's Memorandum in Opposition to the Motion for Summary Judgment (mentioned in her

Reply Brief) nor the transcript of the summary judgment hearing are included in the record. While we may infer from the order that the trial court was presented with an apparent agency theory, there is no indication the trial court was presented with a non-delegable duty theory. *See Hoffman v. Powell*, 298 S.C. 338, 340, 380 S.E. (2d) 821, 822 (1989) (issue will not be considered for the first time on appeal).

## III.

Finally, Shuler argues there was sufficient evidence to establish that the physicians were actual agents of Tuomey. We disagree. The affidavit of Tuomey's President and the contract between Tuomey and Coastal Physicians Services, Inc., which accompanied the summary judgment motion, establish that the physicians were independent contractors and not employees of Tuomey. The record reflects no evidence to the contrary.

For the above reasons, the order of the trial court granting summary judgment for Tuomey is hereby

Affirmed.

BELL, J., and BRUCE LITTLEJOHN, Acting Judge, concur.