THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
National City Bank,       
Respondent,
 
 
 

v.

 
 
 
Carol A. Hemelt,       
Appellant.
 
 
 

Appeal From York County
John Buford Grier, Circuit Court Judge

Unpublished Opinion No. 2003-UP-647
Submitted October 6, 2003  Filed November 
 6, 2003

AFFIRMED

 
 
 
Carol A. Hemelt, for Appellant
J. Ronald Jones, Jr. of Charleston, for Respondent.
 
 
 

PER CURIAM:  National City Bank brought 
 this action against Carol A. Hemelt demanding judgment for overdue credit card 
 debt.  The trial court granted summary judgment in favor of the Bank, finding 
 Hemelt owed the sum of $7,803.05 plus interest and the cost of the legal action.  
 Hemelt appeals.  We find the issues presented in this appeal are manifestly 
 without merit and affirm pursuant to Rule 220(b)(2), SCACR and the following 
 authorities:  George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 
 (2001) (The purpose of summary judgment is to expedite disposition of cases 
 which do not require the services of a fact finder.); Anders v. S.C. Farm 
 Bureau Mut. Ins. Co., 307 S.C. 371, 373,415 S.E.2d 406, 407 (Ct. App. 1992) 
 (It is well established that summary judgment should be granted . . . in cases 
 in which plain, palpable and indisputable facts exist on which reasonable minds 
 cannot differ.) (quoting Main v. Corley, 281 S.C. 525, 526, 316 S.E.2d 
 406, 407 (1984)); Bloom v. Ravoira, 339 S.C. 417, 529 S.E.2d 710 (2000) 
 (stating where a verdict is not reasonably possible under the facts presented, 
 summary judgment is proper); Baughman v. American Tel. and Tel. Co., 
 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991) (stating that once the party seeking 
 summary judgment meets the initial burden of demonstrating the absence of a 
 genuine issue of material fact, the opposing party must do more than simply 
 show that there is some metaphysical doubt as to the material facts but must 
 come forward with specific facts showing that there is a genuine issue for 
 trial.) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 
 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986)) (emphasis 
 in original)); Bayle v. South Carolina Dept of Transp., 344 S.C. 115, 
 128, 542 S.E.2d 736, 742 (Ct. App. 2001) (stating the trial courts rulings 
 in matters involving discovery will not be disturbed on appeal absent a clear 
 showing of an abuse of discretion); Dawkins v. Fields, 354 S.C. 58, 69, 
 580 S.E.2d 433, 439 (2002) (stating nonmoving party to summary judgment motion 
 must demonstrate the likelihood that further discovery will uncover additional 
 relevant evidence and that the party is not merely engaged in a fishing expedition.) 
 (internal quotation marks omitted)
AFFIRMED.
GOOLSBY, HUFF, and BEATTY, JJ., concur.