589 S.E.2d 789

**COX & FLOYD GRADING, INC., a South Carolina corporation, Appellant,**

v.

**KAJIMA CONSTRUCTION SERVICES, INC., a Delaware corporation, Respondent.**

No. 3698.

Court of Appeals of South Carolina.

Submitted Oct. 6, 2003.

Decided Nov. 24, 2003.

Gordon G. Cooper and Matthew E. Cox, both of Spartanburg, for appellant.

R. Daniel Douglas, of Atlanta and Thomas H. Coker, Jr., of Greenville, for respondent.

KITTREDGE, J.:

Cox & Floyd Grading, Inc., (Cox & Floyd) appeals the circuit court's order granting summary judgment to Kajima Construction Services, Inc., (Kajima) on Cox & Floyd's action seeking payment of the retainage [1] from a construction project

---

1. "Retainage" is the portion of the contract price withheld to assure the contractor or subcontractor satisfies its obligations.

in which Kajima acted as the general contractor and Cox & Floyd acted as a subcontractor. We affirm.

## FACTS

In May 1999, Kajima contracted with Cox & Floyd for the latter to perform excavation, backfilling and compacting services on a construction project of Kajima's in Greenville County. The contract also specifically required arbitration of all disputes between the parties.

Early in the construction process, disputes arose between the parties. They attempted mediation in January 2000, prior to the mandated arbitration. Mediation was partly successful, resulting in a substantial payment to Cox & Floyd. In addition, a $70,902.03 "retainage" due to Cox & Floyd was determined.

Next, the matter proceeded to arbitration, where an arbitration panel awarded Cox & Floyd $539,806.70. According to the panel's report, "[t]his award includes all rock cost, performance and payment bond, and *retainage* for the project." (emphasis added).

Kajima concluded the matter with Cox & Floyd through delivery and execution of all documents, including releases and payment of the arbitration award. For example, Kajima wrote Cox & Floyd Grading, through counsel, in March 2000, stating in pertinent part:

The payment of the arbitration award will constitute final payment to Cox & Floyd Grading on the Tennessee Metals project, since it includes both the rock dispute and retainage. Therefore, in accordance with the Subcontract, Kajima will need to receive the standard project documents for final payment, which includes the final waivers and releases and warranty.

. . .

The final waiver and warranty documents are required of every subcontractor on the project and should not be a surprise to your client. I am simply forwarding the documents now so they can be exchanged for payment within the time frame provided by the arbitration award.

Kajima provided Cox & Floyd an "Affidavit and Unconditional Waiver and Release Upon Final Payment." (Release) The Release contained a provision confirming "full retainage received." Cox & Floyd's president signed the Release and initialed the section entitled "full retainage received." The other required documents were also executed uneventfully and returned to Kajima. Among these documents, Cox & Floyd provided a "Consent to Surety of Final Payment." Kajima tendered payment of the arbitration award, which Cox & Floyd accepted.

Eight months later, following payment of the arbitration award in exchange for a complete and final release of all claims under the parties' subcontract, Cox & Floyd filed this action seeking to recover retainage pursuant to the subcontract. The circuit court granted Kajima's motion for summary judgment. Cox & Floyd's argument to avoid summary judgment is unavailing.

Cox & Floyd's President, George R. Floyd, Sr., asserts that:

9. Nearly a month after the arbitration, Kajima submitted to Cox & Floyd an ultimatum, either execute the "Affidavit and Unconditional Waiver and Release Upon Final Payment" as prepared by Kajima or Kajima would not pay Cox & Floyd the amount of the Arbitration Award thereby forcing Cox & Floyd to file an action to enforce the Arbitration Award.

10. As Cox & Floyd was in financial despair, with outstanding loans to be paid as a direct result of the withholding of payment by Kajima, George R. Floyd, Sr. on behalf of Cox & Floyd executed the documents because there was no alternative.

This, according to Cox & Floyd, creates a question of fact as to its claim of duress to defeat summary judgment.

## SCOPE OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP; *South Carolina Prop. & Cas. Guar. Assoc. v. Yensen*, 345 S.C. 512, 518, 548 S.E.2d 880, 883 (Ct.App.2001). To determine whether any material fact exists, the evidence and all inferences

which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Id.* Evidence, however, is not sufficient to overcome summary judgment if it is introduced "solely in a vain attempt to create an issue of fact that is not genuine." *Main v. Corley,* 281 S.C. 525, 527, 316 S.E.2d 406, 407 (1984). An appellate court reviews the granting of summary judgment under the same standard applied by the trial court. *See Yensen* at 345 S.C. at 512, 548 S.E.2d at 880.

## LAW/ANALYSIS

■ Cox & Floyd maintains that following arbitration, Kajima gave it an "ultimatum" to either sign the Release or Kajima would not pay the arbitration award. Alleging it was in "financial despair" at the time, Cox & Floyd contends it signed the Release under duress in response to Kajima's purported ultimatum. On appeal, Cox & Floyd contends that because the existence of duress presents a question of fact, the trial court erred in granting summary judgment. We disagree.

■ "Duress is a condition of mind produced by improper external pressure or influence that practically destroys the free agency of a party and causes him to do an act or form a contract not of his own volition." *Willms Trucking Co. v. JW Constr. Co.,* 314 S.C. 170, 178, 442 S.E.2d 197, 202 (Ct.App. 1994). We find such circumstances are absent here as a matter of law. The purported duress and "ultimatum" arise from Kajima's written request to execute standard release documents in exchange for payment of the arbitration award. This straightforward communication, controlled by counsel for each party, falls far short of creating a legitimate question of fact on the duress issue.

■ The unambiguous report of the arbitration tribunal included retainage in the award, which Cox & Floyd acknowledges. The ensuing, uneventful exchange of settlement documents, through counsel, forecloses this belated attempt to resurrect the retainage issue and thwart the arbitration process and final award.[2] Cox & Floyd's claim of an "ultimatum"

---

2. South Carolina's policy is to favor the arbitration of disputes. *Zabinski v. Bright Acres Assocs.,* 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001).

is vague, conclusory, and lends it no support. *See Dawkins v. Fields,* 354 S.C. 58, 67–68, 580 S.E.2d 433, 438 (S.C.2003) (citing Rule 56(e), SCRCP for the proposition that affidavits "shall set forth such facts as would be admissible in evidence.") Construing all facts in the light most favorable to Cox & Floyd, we find nothing from the settlement documents or the written communications between the parties' counsel that creates a question of fact upon the claim of duress.

Summary judgment serves an important function "to expedite disposition of cases which do not require the services of a fact finder." *George v. Fabri,* 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). This case illustrates well the utility of summary judgment in disposing of a meritless claim.

**AFFIRMED.**

STILWELL and HOWARD, JJ., concur.

---

If Cox & Floyd desired to challenge the arbitration panel's consideration and inclusion of retainage, it should have done so in a timely and proper manner following receipt of the report of the arbitration tribunal. To permit this action to proceed, under the transparent guise of duress, would contravene the state's policy favoring alternative dispute resolution and foster meritless challenges to arbitration awards.