THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ronald R. Hall,       
Respondent,
 
 
 

v.

 
 
 
Arthur Keels,       
Appellant.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2003-UP-730
Submitted October 15, 2003  Filed December 16, 2003 

AFFIRMED

 
 
 
Arthur Keels, of Blythewood, for Appellant.
Ronald R. Hall, of West Columbia, for Respondent.
 
 
 

PER CURIAM:  Arthur H. Keels appeals from the trial courts grant of 
 summary judgment to his former attorney Ronald R. Hall on Keels counterclaims.  
 We affirm.  
FACTUAL/PROCEDURAL BACKGROUND
Hall represented Keels in a personal injury 
 action against the owners of a dog that bit Keels.   By letter dated November 
 7, 1996, Hall informed Keels treating physician, Dr. Thomas Trancik of the 
 lawsuit and asked Dr. Trancik to provide him with a copy of Keelss medical 
 records pursuant to a release signed by Keels that read, I have directed Mr. 
 Hall to protect your interest from any jury verdict or settlement reached in 
 this matter.  After receiving this letter, Dr. Trancik decided not to resubmit 
 his bill for $9,927.95 to Medicare, which had denied the bill for failure to 
 include supporting documentation in the form of operative notes for each wound 
 debridement and failing to sign the bill.  Rather, Dr. Trancik submitted the 
 bill to Hall in hopes of receiving payment through the lawsuit.  
In May of 1998, Keels settled his lawsuit 
 against the owners of the dog for $19,500.00.  Keels signed a settlement statement, 
 which provided Dr. Trancik would receive $9,927.95, Hall would receive $3,500.00, 
 and Keels would receive the remaining $6,072.05.  Keels later instructed Hall 
 not to turn over the $9,927.95 to Dr. Trancik due to Keelss disagreement over 
 the bill.  
Hall thereafter brought a declaratory 
 judgment action against Keels and Dr. Trancik seeking an order declaring that 
 the $9,927.95 belonged to Dr. Trancik and authorizing Hall to release these 
 funds to Dr. Trancik.  Keels answered, denying Dr. Trancik was entitled to the 
 funds because he had already been paid by Medicare and the ridiculous amount 
 over and above what Medicare approved constitutes fraud and extortion.  He 
 asserted he only signed the settlement statement because Hall assured him that 
 he would not have to pay Dr. Trancik.  Keels asserted counterclaims against 
 Hall for malpractice, negligence, incompetence, and conspiracy.  He also asserted 
 cross-claims against Dr. Trancik for fraud, piracy, robbery, malpractice, and 
 lying.  Instead of filing an answer, Hall filed a motion to dismiss the counterclaims.  
 On Dr. Tranciks motion, Judge Gregory dismissed the cross-claims and ordered 
 Hall to disburse $9,927.95 to Dr. Trancik.  Judge Gregory ruled the counter-claims 
 against Hall would remain in effect.  This court affirmed that order. 
 [1]   
After this court rendered its opinion, 
 the trial court held a hearing on Halls motion to dismiss, treating it as one 
 for summary judgment.  The court held Halls actions in representing Keels did 
 not meet the necessary elements of malpractice or negligence.  It further dismissed 
 Keelss counterclaim for conspiracy. This appeal followed.  
STANDARD OF REVIEW
In reviewing the grant of a summary judgment motion, 
 the appellate courts apply the same standard that governs the trial court under 
 Rule 56(c), SCRCP:  summary judgment is proper when there is no genuine issue 
 as to any material fact and the moving party is entitled to judgment as a matter 
 of law.  Rule 56, SCRCP; Osborne v. Adams, 346 S.C. 4, 7, 550 S.E.2d 
 319, 321 (2001).  The evidence and all reasonable inferences therefrom must 
 be viewed in the light most favorable to the non-moving party.  Id.  
 The purpose of summary judgment is to expedite disposition of cases which do 
 not require the services of a fact finder.  George v. Fabri, 345 S.C. 
 440, 452, 548 S.E.2d 868, 874 (2001).  It is well established that summary 
 judgment should be granted . . . in cases in which plain, palpable and indisputable 
 facts exist on which reasonable minds cannot differ.  Anders v. S.C. Farm 
 Bureau Mut. Ins. Co., 307 S.C. 371, 373, 415 S.E.2d 406, 407 (Ct. App. 1992) 
 (quoting Main v. Corley, 281 S.C. 525, 526, 316 S.E.2d 406, 407 (1984)); 
 see Bloom v. Ravoira, 339 S.C. 417, 529 S.E.2d 710 (2000) (finding 
 where a verdict was not reasonably possible under the facts presented, summary 
 judgment was proper).
DISCUSSION

 I.       Conversion of motion to dismiss to one for summary judgment.  

Keels objects to the trial courts conversion of 
 Halls motion to dismiss to one for summary judgment.  He asserts he was not 
 even aware that it was being considered as summary judgment and was not given 
 a chance to present any material or have any witnesses.  Keels failed to raise 
 this issue to the trial court in a Rule 59, SCRCP motion.  Accordingly, it is 
 not preserved for our review.  Wilder Corp. v. Wilke, 330 S.C. 71, 76, 
 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised 
 for the first time on appeal, but must have been raised to and ruled upon by 
 the trial judge to be preserved for appellate review.).   
 

 II.       Conspiracy

The trial court dismissed Keelss counterclaim 
 for conspiracy.  It held that as Judge Gregory had dismissed his cross-claims 
 against Dr. Trancik for robbery and piracy and it is impossible for Hall to 
 conspire with himself to divest Keels of the settlement proceeds, Keelss conspiracy 
 claim must fail.  Keels did not appeal this ruling.  As such, it is the law 
 of the case. See ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche, 
 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding an unappealed ruling 
 becomes the law of the case and precludes further consideration of the issue 
 on appeal).  Accordingly, we affirm the trial courts dismissal of Keelss counterclaim 
 for civil conspiracy.  

 III.      Malpractice and negligence

Many of Keelss issues on appeal concern the validity 
 of Dr. Tranciks bill and Dr. Tranciks alleged violation of Medicare laws in 
 his submission of the bill.  These claims were addressed by Judge Gregorys 
 dismissal of Keelss cross-claims against Dr. Trancik and this courts opinion 
 affirming that order.  This court held, Keels is unable to challenge the reasonableness 
 of the bill and has demonstrated no violation of the Medicare provisions.  

Keels also asserts Hall committed malpractice by 
 convincing him to sign the settlement statement, which provided for payment 
 to Dr. Trancik.  Before Keels retained Hall, he had agreed to pay Dr. Tranciks 
 medical bills.  When Keels entered the hospital, his wife signed a name to the 
 hospital form which provided in part:  I hereby authorize and assign payment 
 to Baptist Medical Center at Columbia and Physicians . . . all Insurance Benefits 
 and proceeds of any claims which I may have against any third party in connection 
 with any event resulting in my need for outpatient services. . . .  In requesting 
 release of his medical records, Keels assured Dr. Trancik that his fees would 
 be protected in any settlement.  Furthermore, in response to an interrogatory 
 in his personal injury action asking him to state his treating physicians and 
 medical bills incurred, he listed Dr. Tranciks bill for $9,818.85.  
On appeal, Keels complains he was coerced into 
 signing the settlement statement and protests Halls bringing the declaratory 
 judgment action to authorize payment.  He does not argue he would not have accepted 
 the settlement offer absent Halls assurance that he would not have to pay Dr. 
 Tranciks bill.  We agree with the trial court that Keels did not establish 
 the elements of malpractice in Halls attempt to pay Dr. Tranciks bill.
In addition, Keels contends Hall was negligent 
 in failing to inform him that he was required to re-pay Medicare out of the 
 settlement for any funds they had paid and informing him that he could not sue 
 for what Medicare had paid.  However, Keels admitted in his reply brief that 
 he did not actually have to repay Medicare.  Accordingly, as he suffered no 
 damages from Halls allegedly incorrect advice, his action for malpractice must 
 fail.  See Hubbard v. Taylor, 339 S.C. 582, 588, 529 S.E.2d 549, 
 552 (Ct. App. 2000) (stating the elements of negligence are:  (1) a duty owed 
 to the plaintiff by the defendant, (2) a breach of that duty by the defendant, 
 and (3) damages proximately resulting from the breach of duty.).

 IV.     Conclusion

We find the trial court did not err in granting 
 summary judgment to Hall on Keels claims for conspiracy, malpractice, and negligence.  
 Accordingly, the order of the trial court is 
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.  

 
 [1]    Hall v. Keels, Op. No. 2000-UP-481 (S.C. Ct. App.) 
 (filed June 22, 2000).