THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Harry J. Ahlfeldt and Carol A. Ahlfeldt, Plaintiffs,
v.
Franklin Dean Brown and Catherine Brown, Defendants,
and
Franklin Dean Brown, Third Party Plaintiff, Appellant,
v.
Sea Mark Tower Property Owners Association, Inc., Third Party Defendant,
Respondent.
 
 
 

Appeal From Horry County
 John  L.  Breeden, Circuit Court Judge

Unpublished Opinion No.  2005-UP-047
Submitted December 1, 2004  Filed January 
 19, 2005

AFFIRMED

 
 
 
John P. Bacot, Jr., of Surfside Beach, for Appellant.
Michael James Barnett, of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM:  Franklin Dean Brown appeals from the trial courts order 
 granting summary judgment in favor of Sea Mark Tower Property Owners Association 
 on Browns third-party claim for indemnification of legal expenses.  We affirm.1  
Factual/Procedural Background
Brown and his wife Catherine sold Unit 201 in Sea Mark Towers to 
 Harry and Carol Ahlfeldt on December 1, 1999.  The Association thereafter imposed 
 substantial assessments on all of the units for repairs to the common areas.  
 The Ahlfeldts sued the Browns for fraud, negligent misrepresentation, and other 
 causes of action alleging the Browns failed to disclose the severe structural 
 defects in the building and the need for the assessments.  The Ahlfeldts claimed 
 that as Brown had served on the Associations Board of Directors from mid-1995 
 to November of 1997, he knew that the repairs were needed and huge assessments 
 would become necessary.  
Brown brought this third party claim against the Association seeking 
 indemnification from the Association for all expenses and liabilities imposed 
 upon him as a result of the Ahlfeldts action, including attorneys fees, expenses 
 and any judgment rendered against him.  The Association denied Browns claim 
 for indemnification and brought a motion for summary judgment.  The trial court 
 granted the motion.  This appeal followed.  
Standard of Review
Summary judgment is appropriate when there is no genuine issue as to any material 
 fact and the moving party is entitled to judgment as a matter of law.  Osborne 
 v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).  The evidence and all 
 reasonable inferences therefrom must be viewed in the light most favorable to 
 the non-moving party.  Id.  It is well established that summary judgment 
 should be granted . . . in cases in which plain, palpable and indisputable 
 facts exist on which reasonable minds cannot differ.  Anders v. S.C. Farm 
 Bureau Mut. Ins. Co., 307 S.C. 371, 373, 415 S.E.2d 406, 407 (Ct. App. 1992) 
 (quoting Main v. Corley, 281 S.C. 525, 526, 316 S.E.2d 406, 407 (1984)); 
 see Bloom v. Ravoira, 339 S.C. 417, 425, 529 S.E.2d 710, 714 (2000) 
 (stating where a verdict is not reasonably possible under the facts presented, 
 summary judgment is proper).
Discussion
Brown argues the trial court erred in granting summary judgment to 
 the Association.  We disagree.  
Brown claims he is entitled to indemnification under the terms of 
 the Associations Articles of Incorporation.  The pertinent section provides:

Every Director and every 
 officer of the Corporation shall be indemnified by the Corporation against all 
 expenses and liabilities, including counsel fees, reasonably incurred by or 
 imposed upon him in connection with any proceeding to which he may be a party, 
 or in which he may become involved, by reason of his being or having been a 
 Director or Officer of the Corporation, whether or not he is a Director or Officer 
 at the time such expenses are incurred, except in such cases wherein the Director 
 or Officer is adjudged guilty of willful misfeasance or malfeasance in the performance 
 of his duties; provided, that in the event of any claim for reimbursement of 
 indemnification, the indemnification herein shall only apply if the Board of 
 Directors approves such settlement and reimbursement as being in the best interest 
 of the Corporation.  

The trial court held Brown was not entitled to indemnification under this provision 
 because Brown was a party to this action by reason of his allegedly having 
 personally defrauded or otherwise breached some duty he may have owed individually 
 to the [Alfeldts] as a seller of his own condominium and not by reason of 
 his having been a director of the Association two years prior to the sale of 
 his unit.  The court explained, In short, the reason Mr. Brown is being 
 sued is that he allegedly failed to fulfill his personal, legal obligation as 
 a seller to disclose any knowledge of latent defects to the buyers, regardless 
 of how or when he may have obtained such knowledge; the reason he is 
 being sued is not because he once served as an Association director. 
As an alternative reason for granting the Association summary judgment, the 
 trial court held Brown was not entitled to indemnification because there was 
 no evidence that the Associations Board had approved any settlement or reimbursement 
 for Brown, or that it wrongfully refused to do so.  The court found that it 
 would not be in the Associations best interest for the Board to indemnify any 
 director in this type of action.  The court elucidated:

Absent some special circumstances 
 not present in this case, to allow any condominium homeowners association to 
 indemnify a director for personal liability he incurs as a result of his alleged 
 fraud or other failure to fulfill his personal duties as a seller of his own 
 condominium unit would be improper, could result in claims by members of such 
 association for breach of fiduciary duty against the directors voting to approve 
 such indemnification, and if allowed to stand, could encourage directors to 
 sell their own condominium units upon first learning as directors of construction 
 defects, without disclosing the same to buyers, in anticipation that they would 
 be indemnified by the association (at the expense of all the homeowners) for 
 liability to the buyers resulting from such fraudulent activities.  

In his brief, 
 Brown focuses his argument on the trial courts first holding that Brown is 
 not entitled to indemnification because he is not a party to the action by 
 reason of his having been a director.  He largely ignores the courts alternate 
 holding that he is not entitled to indemnification because the Board had not 
 approved any request for indemnification and such indemnification was not in 
 the best interest of the corporation.  Brown merely recognizes that the court 
 noted this provision in the Articles of Incorporation and states, Brown has 
 made a claim unto the corporation by way of his third-party claim, but no evidence 
 has been submitted that such a claim has been acted upon by the Board.  
Brown offers no argument as to how he is entitled to indemnification absent 
 the Boards approval.  He also does not challenge the trial courts ruling that 
 allowing such indemnification would not be in the Associations best interest.  
 An appellant has the burden of convincing this court that the trial judge committed 
 error in his findings.  In re Thames, 344 S.C. 564, 571, 544 S.E.2d 854, 
 857 (Ct.App.2001).  As Brown failed to meet this burden, we affirm the trial 
 courts grant of summary judgment in favor of the Association.  
 AFFIRMED.  
HUFF, KITTREDGE, and BEATTY, JJ., concur.

 
 1 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.