THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Amy Carol Quick
 and Betty Quick, Appellants
 v.
 Markel
 Insurance Company and the Chesterfield County School District, Respondents.
 
 
 

Appeal From Chesterfield County
 James E. Lockemy, Circuit Court Judge
Unpublished Opinion No. 2008-UP-545
Heard November 6, 2007  Filed October 3,
 2008    
AFFIRMED

 
 
 
 Martin S. Driggers, Sr., of Hartsville; William O. Sweeny, III, and
 William R. Calhoun, both of Columbia, for Appellants.
 Kenneth L. Childs, Allen D. Smith, and Allison Aiken Hanna of Columbia; Michael A. Nunn and Benjamin A. Baroody, both of Florence; for Respondents.
 
 
 

PER CURIAM: 
 Betty and Amy Quick[1] appeal the trial judges grant of summary judgment to Markel Insurance Company
 (Markel) and the Chesterfield County School District (District).  We affirm.
FACTS
Markel issued to the District a blanket accident and
 health insurance policy.  Under this policy, students could obtain insurance
 coverage.  One insurance plan provided coverage for a student during school
 hours during the school year while another plan covered a student 24 hours a
 day for an entire year.  The District collected and transmitted the students
 insurance payments to Markel.  At the beginning of the 2000-2001 school year, Ms.
 Quick purchased the 24-hour insurance for Amy for a one-time premium of $39
 while paying for other fees and expenses during the pre-registration process at
 Cheraw High School, a school located within the District.  
Markel
 provided the school with brochures that explained the 24-hour policys terms
 and exclusions.  According to Markel and the District, these brochures were
 made available to people purchasing insurance during the pre-registration
 process and were given to students during homeroom to take home with them.  The
 Quicks claim they never received any information on the policy from Markel and
 were not provided a brochure explaining the coverage.  Ms. Quick did not ask
 any questions about the 24-hour insurance policy.  At the time she purchased insurance
 for her daughter, Ms. Quick only knew the Markel policy would cover Amy during
 the 2000-2001 school year, the policy provided 24-hour coverage, and the
 policy was comprehensive.[2]  
On November
 23, 2000, Amy was in an automobile accident while riding as a passenger in a
 vehicle driven by her boyfriend.  She suffered significant injuries, including the
 loss of one eye and a broken femur.  Amy incurred medical bills from the
 accident amounting to approximately $55,000.  The 24-hour policy provided
 compensation of $2,500 for medical bills incurred as a result of the automobile
 accident and $5,000 for the loss of the eye.  Markel paid the policys limit of
 $7,500 to the Quicks.  
The
 Quicks filed a lawsuit against Markel and the District, as Markels agent, for breach
 of contract, negligent misrepresentation, and waiver and estoppel.  In
 addition, the Quicks asserted a claim against Markel for insurance bad faith.  They
 sought $75,000 in damages and attorneys fees.  All of the parties filed motions
 for summary judgment.  The trial court granted summary judgment to Markel and
 the District on the Quicks claim for waiver and estoppel and to Markel on the
 bad faith claim.  It denied summary judgment as to the causes of action for
 breach of contract and negligent misrepresentation against Markel and the
 District.  
The
 Quicks filed their second amended complaint against Markel and the District
 asserting causes of action for breach of contract, negligent misrepresentation,
 and negligence.  The parties again filed motions for summary judgment.  The
 trial court granted summary judgment to Markel and the District on all three
 causes of action.  It subsequently denied the Quicks motion for
 reconsideration.  This appeal followed.
STANDARD OF REVIEW
The purpose of summary judgment is to expedite the
 disposition of cases that do not require the services of a fact finder.  Dawkins
 v. Fields, 354 S.C. 58, 69, 580 S.E.2d 433, 438 (2003).  Summary judgment is appropriate when there is no genuine
 issue as to any material fact and the moving party is entitled to judgment as a
 matter of law.  Osborne v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321
 (2001).  The evidence and all reasonable inferences therefrom must be viewed in
 the light most favorable to the non-moving party.  Id.  It is well
 established that summary judgment should be granted . . . in cases in which
 plain, palpable and indisputable facts exist on which reasonable minds cannot
 differ.  Anders v. S.C. Farm Bureau Mut. Ins. Co., 307 S.C. 371, 373,
 415 S.E.2d 406, 407 (Ct. App. 1992) (quoting Main v. Corley, 281 S.C.
 525, 526, 316 S.E.2d 406, 407 (1984)); see Bloom v. Ravoira, 339
 S.C. 417, 425, 529 S.E.2d 710, 714 (2000) (finding where a verdict is not
 reasonably possible under the facts presented, summary judgment is proper).  
LAW/ANALYSIS
The
 Quicks argue the trial court erred in granting summary judgment in favor of
 Markel and the District on their claim for negligence.  We disagree.
In order to prove negligence, the Quicks must show:  (1)
 the defendant owed a duty of care to the plaintiff; (2) the defendant breached
 the duty by a negligent act or omission; (3) the defendants breach was the
 actual and proximate cause of the plaintiffs injury; and (4) the plaintiff
 suffered an injury or damages.  Doe v. Marion, 373 S.C. 390, 400, 645
 S.E.2d 245, 250 (2007).  
The
 trial court assumed for the purpose of summary judgment that the appellants did
 not actually receive Markels brochure outlining the terms, conditions, and
 limitations of the blanket accident and health policy issued by it to the
 District.  Instead, the trial court held Markel and the District did not have a
 duty to explain all of the risks and coverages to the Quicks.  We agree with
 this holding.  
It
 is important to note that this is a blanket accident and health policy, not an
 individual policy.  Thus, according to statute, the District is the
 policyholder.  S.C. Code Ann. § 38-71-1020.  Section 38-71-1020 of the South
 Carolina Code incorporates the provisions for individual accident and health
 policies found in Article 3 of Chapter 71 into the provisions for blanket
 policies found in Article 9.  S.C. Code Ann. § 38-71-1020 (2002) (All blanket
 accident and health insurance policies are subject to the provision of Articles
 1 and 3 of this chapter.).  Section 38-71-550 of Article 3 requires an outline
 of coverage for an individual accident and health insurance policy to be delivered
 to the applicant at the time application is made and an acknowledgment
 of receipt or certificate of delivery of the outline is provided the insured
 with the application.  S.C. Code Ann. § 38-71-550(a) (2002) (emphasis added).[3] 
 However, [a]n individual application is not required from each individual
 covered under a blanket accident and health policy or contract nor is it
 necessary for the insurer to furnish each individual a certificate. S.C. Code
 Ann. § 1030 (2002). 
The
 proper interpretation of a statute is a question of law for the court. Univ. of  S. Cal. v. Moran, 365 S.C. 270, 274, 617 S.E. 2d 135, 137
 (Ct. App. 2005).  The primary rule of statutory construction is to ascertain
 and give effect to the intent of the legislature.  Mid-State Auto Auction
 of Lexington v. Altman, 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996).  [T]he
 words of the statute must be given their plain and ordinary meaning without
 resorting to subtle or forced construction to limit or expand the statutes
 operation.  Mun. Assn of S.C. v. AT & T Communications of S. States,
 361 S.C. 576, 580, 606 S.E.2d 468, 470 (2004).  Statutes, as a whole, must
 receive practical, reasonable, and fair interpretation, consonant with the
 purpose, design, and policy of lawmakers.  TNS Mills v. S.C. Dept of
 Revenue, 331 S.C. 611, 624, 503 S.E.2d 471, 478 (1998).  Where a statute is
 ambiguous, the court must construe the terms of the statute and the ambiguity
 should be resolved in favor of a just, beneficial and equitable operation of
 the law.  City of Camden v. Brassell, 326 S.C. 556, 561, 486 S.E.2d 492,
 495 (Ct. App. 1997).
Clearly,
 the legislature did not intend the disclosure requirement of Section 38-71-550
 to apply to an insured under a blanket policy when the requirement relates to
 disclosure at the time an application is made for insurance coverage or a policy
 of insurance is delivered and section 38-71-1030 specifically exempts individuals
 covered under a blanket policies from the application process or the
 requirement of delivery to each insured a certificate of insurance.  
As
 we understand the policy at issue, the District may add insured students to the
 policy by collecting and paying over to Markel the required premiums and
 furnishing Markel the names of the students to be covered.  No further acts
 were necessary to be done by Markel or the district to effect coverage of Amy
 Quick.  We hold neither Markel nor the district violated any provision of
 Chapter 71 of Title 38 of the Code by not delivering a brochure to the Quicks
 at the time the premium was paid or at any other time.[4]
The
 Quicks assert that under the common law, Markel and the District had a duty to
 provide them with the terms of the policy.  As this case involves a blanket
 policy and the District is the policy holder, Markel fulfilled any duty it
 might have by providing a copy of the blanket policy to the District.  We hold
 the Quicks failed to prove the District or Markel owed any duty to them to
 directly provide them the terms of the insurance policy.  
As
 the Quicks have failed to establish a duty owed to them, their claim for
 negligence must fail.  
The Quicks assert the trial court erred in granting
 summary judgment on their negligent misrepresentation claim.  We disagree.  
To establish a claim for negligent misrepresentation,
 the Quicks must be able to prove the following elements:

 (1) the
 defendant made a false representation to the plaintiff; (2) the defendant had a
 pecuniary interest in making the statement; (3) the defendant owed a duty of
 care to see that he communicated truthful information to the plaintiff; (4) the
 defendant breached that duty by failing to exercise due care; (5) the plaintiff
 justifiably relied on the representation; and (6) the plaintiff suffered a
 pecuniary loss as the proximate result of his reliance upon the representation. 
 

AMA
 Mgmt. Corp. v. Strasburger, 309 S.C.
 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992).  
The
 Quicks claim Markel and the District made false representations in the letter from
 the District describing the policy as providing comprehensive accident
 insurance at a nominal cost and stating that it ensured coverage for . . .
 normal day-to-day activities.  The Quicks also take issue with the term
 24-hour insurance asserting the term has a connotation of completeness.  Based
 on these statements, the Quicks assert there should be no limits on the
 coverage available under the policy.  
However,
 none of these statements make any representations as to the amount of coverage
 available under the policy.  They do not support the Quicks assertion that
 they are entitled to limitless coverage.  In fact, when asked what her
 understanding was of the level of coverage, Ms. Quick responded:  Actually, I
 didnt.  I didnt know basically what it was going to cover or wasnt going to
 cover.  I just  I know the word assume, but I assumed that was a good policy
 because the school was promoting it, so I didnt and I had always taken out
 the 24-hour.  Even if the Districts statements could be construed as
 representing that this was a good policy, the representations would not be
 actionable.  A mere statement of opinion, commendation of goods or services,
 or expression of confidence that a bargain will be satisfactory does not give
 rise to liability in tort.  AMA Mgmt. Corp., 309 S.C. at 222, 420
 S.E.2d at 874; see Winburn v. Ins. Co. of N. America, 287 S.C.
 435, 440, 339 S.E.2d 142, 146 (Ct. App. 1985) (holding statement that a person
 was a good mechanic did not support a claim for fraud).  
There
 is no evidence in the record of any misrepresentation as to the amount of
 coverage available in the policy.  We therefore find no error in the trial
 court granting summary judgment in favor of Markel and the District on the
 Quicks claim for negligent misrepresentation.  
The
 Quicks argue the trial court erred in granting summary judgment on their claim
 for breach of contract.  We disagree.  
To
 recover for a claim for breach of contract, the Quicks must establish the
 contract, its breach, and the damages caused by such breach.  Fuller v. E.
 Fire & Cas. Ins. Co., 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962).  Insurance
 policies are subject to the general rules of contract construction. Century
 Indem. Co. v. Golden Hills Builders, 348 S.C. 559, 565, 561 S.E.2d 355, 358
 (2002).  We must give the policy language its plain, ordinary, and popular
 meaning.  Id.  It is undisputed that under the terms of the policy, Amy
 was entitled to $7500.00 for her accident.  It is also undisputed Markel paid
 Amy $7500.00, the full amount to which she was entitled under the terms of the
 policy.  
The
 Quicks, however, assert the contract was in fact based on the only material she
 received, the letter stating the insurance provided comprehensive and
 24-hour coverage.  Thus, they claim since their contract contained no
 limitation of coverage, there are no limits.  The issue of reformation of the
 contract was never raised nor ruled on by the trial court.  See Wilder
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is
 axiomatic that an issue cannot be raised for the first time on appeal, but must
 have been raised to and ruled upon by the trial judge to be preserved for
 appellate review.).  The court viewed the insurance policy as written and
 found no breach of contract.  We find no error in this ruling.  
CONCLUSION
The order of the trial court granting summary judgment
 to Markel and the District is
AFFIRMED.
HUFF and PIEPER, JJ., and CURETON, A.J., concur.  

[1] Amy, whose date of birth is April 26, 1983, was no
 longer a minor at the of the filing of this action. 
[2]  A letter from the school district briefly explaining
 the insurance plans available for students mentioned the coverage was comprehensive.  
[3] The outline of coverage must include a description
 of the principal benefits and coverage provided in the policy or contract as
 well as a statement of the exceptions, reductions, and limitations contained
 in the policy or contract. S.C. Code Ann. § 38-71-550(b) (2) & (3) (2002).
[4] Although the trial court did not address these
 statutes, we find a discussion of the statutes emphasizes the difference
 between a blanket policy and an individual policy and supports our conclusion
 no duty existed to provide the Quicks with the policy.  IOn, L.L.C. v. Town
 of Mt. Pleasant, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) (stating the
 appellate court may rely on any reason appearing in the record to affirm the
 lower courts judgment).