**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vanessa Wiggins, Appellant,

v.

ALDI, Inc., Respondent.

Appellate Case No. 2019-000152

---

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-442
Submitted October 1, 2021 – Filed December 15, 2021

---

**AFFIRMED**

---

Kelly Louise Burnside, of Burnside Law Firm, LLC, of West Columbia, and Frank Anthony Barton, of Lexington, for Appellant.

Helen F. Hiser, of Mount Pleasant, and Brett Harris Bayne, of Columbia, both of McAngus Goudelock & Courie, LLC, for Respondent.

---

**PER CURIAM:**  In this negligence action, Appellant Vanessa Wiggins challenges both the denial of her motion to dismiss without prejudice and the circuit court's order directing a verdict for Respondent ALDI, Inc.  Appellant argues the circuit court did not have the discretion to deny her motion to dismiss without prejudice pursuant to Rule 41(a)(2), SCRCP, because Respondent failed to show "legal prejudice."  Appellant also argues there was sufficient evidence of Respondent's creation of a dangerous condition in its grocery store to withstand a directed verdict for Respondent.  We affirm.

1.     As to whether the circuit court erred by directing a verdict for Respondent, there is no evidence that any possible breach of duty could have caused Appellant's fall.  *See Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001) ("To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the defendant [that] created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it."); *Easterling v. Burger King Corp.*, 416 S.C. 437, 446, 786 S.E.2d 443, 448 (Ct. App. 2016) (holding that a plaintiff in a negligence action must show that the defendant's breach caused the plaintiff's injury).  Respondent's surveillance video indicates that Appellant saw Respondent's cashier walking away with the first chair she had retrieved for Appellant before Appellant even attempted to sit down in the second chair.  We do not view the apparent conflict between the video's contents and the testimony of Appellant's witnesses as genuine.  *Cf. Main v. Corley*, 281 S.C. 525, 526–27, 316 S.E.2d 406, 407 (1984) ("A motion for summary judgment is akin to a motion for a directed verdict.  In each instance, one party must lose as a matter of law.  A motion for a directed verdict speaks in terms of 'only one reasonable inference.'  A motion for a summary judgment speaks in terms of 'no genuine issue as to material facts.'  It is not sufficient that one create an inference [that] is not reasonable.  Similarly, it is not sufficient that one create an issue of fact that is not genuine.  . . . The judge is not required to single out some one morsel of evidence and attach to it great significance when patently the evidence is introduced solely in a vain attempt to create an issue of fact that is not genuine.").  Therefore, the circuit court properly granted a directed verdict to Respondent.  *See Fletcher v. Med. Univ. of S.C.*, 390 S.C. 458, 462, 702 S.E.2d 372, 374 (Ct. App. 2010) ("A directed verdict should be granted where the evidence raises no issue for the jury as to the defendant's liability." (quoting *Guffey v. Columbia/Colleton Reg'l Hosp., Inc.*, 364 S.C. 158, 163, 612 S.E.2d 695, 697 (2005))); *id.* ("On review, an appellate court will affirm the granting of a directed verdict in favor of the defendant when there is no evidence on any one element of the alleged cause of action.").

2.    As to whether the circuit court erred by denying Appellant's motion to dismiss without prejudice, any possible error was harmless.  *See Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) ("Error is harmless where it could not reasonably have affected the result of the trial."); *id.* ("Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result."). Had the circuit court granted the motion, any evidence subsequently generated by Appellant for a future trial could not overcome the facts as shown by the surveillance video, which belie Appellant's theory of liability, i.e., that the failure of Respondent's cashier to use due care caused her fall.

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.