## 2479

Sandra D. HOPSON, Appellant v. William L. CLARY, Jr., Respondent.

(468 S.E. (2d) 305)

Court of Appeals

*Thomas E. Mosley,* Columbia, *for appellant.*

*Andrew F. Lindemann* and *John T. Lay, Jr.,* both of *Ellis, Lawhorne, Davidson & Sims,* Columbia, *for respondent.*

Heard Jan. 10, 1996.

Decided Mar. 18, 1996.

*Per Curiam:*

Appellant, Sandra D. Hopson, brought this action against respondent, William L. Clary, seeking damages arising out of an automobile accident. The trial judge directed a verdict in favor of Clary and Hopson appeals. We affirm.

The record reveals on November 18, 1992, Hopson picked up her son from school and drove toward her mother's residence to deliver some groceries. Hopson was traveling down Read Street with Clary following behind her. Hopson slowed her automobile and pulled to the right.[1] Hopson attempted to make a U-turn and Clary's vehicle collided with hers.

---

[1] There is some dispute as to whether Hopson actually stopped on the right-hand side of the road. Hopson testified she did not come to a complete stop alongside the curb, but did stop at the double yellow lines. An eyewitness,

The trial judge granted Clary's motion for directed verdict finding there was no evidence of actionable negligence on Clary's part and, assuming Clary was negligent in some manner, Hopson's own negligence was greater as a matter of law and therefore her claim was barred under the doctrine of comparative negligence.

On appeal, Hopson contends the trial judge erred in directing a verdict for Clary because the evidence created genuine issues of material fact as to whether her vehicle ever came to a complete stop, whether Clary was speeding and whether Clary crossed a solid yellow line in an attempt to pass her. We find no error.

On appeal from an order granting a directed verdict, this court must view the evidence and all reasonable inferences from the evidence in the light most favorable to the party against whom the directed verdict was granted; however, we cannot ignore facts unfavorable to that party and we must determine whether a verdict for the party opposing the motion would be reasonably possible under the facts. *Haulbrooks v. Overton*, 295 S.C. 380, 368 S.E. (2d) 676 (Ct. App. 1988). If the evidence as a whole is susceptible to only one reasonable inference, no jury issue is created and the motion was properly granted. *Whelan v. Welch*, 304 S.C. 548, 405 S.E. (2d) 836 (Ct. App. 1991).

Hopson first contends a disputed issue of fact exists as to whether she simply slowed down or came to a complete stop before she attempted a U-turn. While it is true the evidence is conflicting as to whether Hopson came to a complete stop, she has failed to indicate how this issue is material to the question of liability. The evidence is undisputed that Hopson slowed her automobile down and steered to the right-hand side of the road before attempting to cross back over the lanes of traffic in making a U-turn. She has conceded she was at fault. She argued, however, Clary was at fault as well in attempting to go beyond the solid yellow lines to pass her and in speeding. Even assuming Hopson did not come to a complete stop but merely slowed down before attempting to

Jimmy Guess, testified Hopson slowed down and pulled to the side of the road, but she never made a complete stop. Clary testified Hopson pulled over to the shoulder of the road, slowed down and appeared to come to a complete stop.

make a U-turn, we fail to see how this issue affects the allegations of negligence Hopson lodges against Clary. We therefore find no merit to this argument.

Hopson also argues the case should have been submitted to the jury because there exists evidence Clary was speeding at the time of the accident. We disagree. Clary estimated he was travelling at "somewhere between 25 and 30 miles an hour." Hopson testified a school zone speed limit sign located on Read Street imposed a 25 mile per hour speed limit when flashing. However, Hopson presented no evidence the accident occurred within the school speed zone; rather, Hopson testified only that there were "quite a bit of schools in that area." There is simply no evidence the 25 mile per hour speed limit controlled the particular area in which the accident occurred. Moreover, we agree with the trial judge that Hopson failed to present any evidence Clary's speed was a proximate cause of the accident. *See Odom v. Steigerwald,* 260 S.C. 422, 196 S.E. (2d) 635 (1973) (assuming plaintiff was driving at excessive rate of speed, immediate and efficient cause of collision was defendant's driving of car directly into path of plaintiff's vehicle and, therefore, court should have directed verdict for plaintiff on issue of liability). Hopson testified she pulled over to the right shoulder of the road and, despite looking behind her, proceeded to attempt a U-turn without seeing Clary approaching from that direction. The evidence shows only that Hopson attempted an inherently precarious maneuver without ascertaining whether she could do so safely.[2]

Finally, Hopson contends the trial judge erred in finding there was no evidence to support her allegation Clary crossed a double yellow line in an effort to pass her. This argument is without merit. Hopson offered no competent evidence indicating Clary crossed the yellow lines. Although Hopson's son testified it was his "instinction" Clary crossed the line before the collision, he recalled the collision occurred "before we could get across the double line." Moreover, although Hopson baldly asserted Clary crossed the dou-

---

[2] S.C. Code Ann. § 56-5-2140(a) (1991) provides:

The driver of any vehicle shall not turn such vehicle so as to proceed in the opposite direction unless such movement can be made in safety and without interfering with other traffic.

ble yellow lines prior to the collision, she testified she did not see Clary until after the collision and admitted she had no way of knowing whether Clary turned his vehicle to pass her at the time of the accident or if he was attempting to avoid colliding with her. Further, the eyewitness testified Clary's vehicle did not cross the yellow line until after the collision had already occurred and that Clary was not attempting to pass Hopson.

In summary, we find Hopson simply failed to present  any evidence establishing negligence on the part of Clary. Moreover, we agree with the trial judge that, even assuming Clary was guilty of some negligence act, Hopson's own negligence was, as a matter of law, greater than any negligence attributable to Clary and the more determinative factor in causing the accident. Therefore, the trial judge correctly concluded Hopson's claim is barred under the doctrine of comparative negligence. *See Nelson v. Concrete Supply Co.*, 303 S.C. 243, 399 S.E. (2d) 783 (1991) (in negligence cases filed on or after July 1, 1991, a plaintiff may recover damages only if his or her negligence is not greater than that of the defendant).

For the foregoing reasons, the decision of the trial court is

Affirmed.

SHAW, GOOLSBY and HEARN, JJ., concur.