529 S.E.2d 710

**Marc J. BLOOM, Respondent,**

v.

**James RAVOIRA, Petitioner.**

No. 25092.

Supreme Court of South Carolina.

Heard Feb. 3, 2000.

Decided March 20, 2000.

418

James E. Lady, Todd W. Smyth, both of Haynsworth, Marion, McKay & Guerard, L.L.P., of Charleston, for petitioner.

Edward K. Pritchard, III, of Sinkler & Boyd, P.A., of Charleston, for respondent.

WALLER, Justice:

This is a negligence action arising out of an accident involving an automobile and a pedestrian. The trial court granted summary judgment in favor of petitioner James Ravoira, the driver of the automobile. Respondent Marc Bloom appealed, and the Court of Appeals reversed. We granted a writ of certiorari to review the Court of Appeals' opinion. *See Bloom v. Ravoira,* Op. No. 98–UP–416 (S.C.Ct.App. filed Dec. 17, 1998). We reverse.

## FACTS

The accident occurred on Meeting Street in Charleston at approximately 6:30 p.m. on December 23, 1994. There was a misty rain falling at the time. Both Ravoira and Bloom were

visiting Charleston. Bloom was staying at the Meeting Street Inn (the Inn), located on Meeting Street between Market and Cumberland Streets. At both ends of this block of Meeting Street, there are crosswalks, traffic lights, and walk/don't walk signals.

The parties deposed several witnesses. In his deposition, Bloom testified that he was in the lobby of the Inn waiting for his mother and girlfriend to come downstairs to go to dinner. Bloom was wearing jeans and a navy-colored overcoat. He explained that his car was parked in a lot directly across the street from the Inn and he was going to put a gift—a taxidermically stuffed, mounted pig—inside the car. According to Bloom, he exited the Inn and was going to cross the street. He looked to the left and then to the right. As he began to cross the street, he was struck from his left by Ravoira's car. Bloom stated that it happened fast and he never saw the car that struck him. He sustained injuries to his lower right leg and left hip.

Ravoira testified that at the time of the accident, he and his wife were driving along Meeting Street on their way to a restaurant located on Queen Street. Ravoira had his lights and windshield wipers on, and he estimated that he was traveling approximately 20 m.p.h. Ravoira explained that he was traveling slowly because his wife was looking for Queen Street. He stopped at the traffic light at Market Street. When the light turned green, Ravoira pulled forward, heard his wife yell his name, and saw something out of his peripheral vision. Then he heard a thud. After a pause, the car's windshield shattered.

Ravoira's wife Lowanda was in the passenger seat of the car and was looking for Queen Street. Lowanda testified that from the corner of her eye, she saw a person carrying something come toward her passenger window. She called out her husband's name. She testified that the car stopped almost simultaneously with the impact and then the windshield broke.

Helena Mariella–Walrond, a guest at the Inn, testified that she was in the lobby at the time of the accident enjoying the Inn's complimentary wine and cheese hour. Helena explained that she noticed when Bloom entered the lobby because of the

stuffed pig he was carrying under his arm. Helena saw Bloom get a beer and then soon after leave the lobby. According to Helena, Bloom hesitated for "a split second" and then ran across the street. Helena heard a "thump" and stated that she knew Bloom had been hit by a car. Helena also testified that when Bloom entered the street, he went in between two parked vehicles and the vehicle on Bloom's left was a sport utility vehicle.

John and Margaret Simpson were in the car traveling behind Ravoira. Margaret stated that Ravoira was traveling within the speed limit, and John estimated Ravoira's speed to be 25 m.p.h. Both John and Margaret testified that they did not notice any reckless driving by Ravoira. Both also stated that they did not see Bloom at all before the accident. Margaret testified that Ravoira's car "veered just a little," and they had to stop because the Ravoiras had stopped. Margaret then saw Bloom fall into the street. According to Margaret, there were cars parked in front of the Inn and therefore, Bloom must have entered the street from between parked cars or in front of a parked car.

Ravoira moved for summary judgment, and the trial court granted the motion. The trial court found that even if Ravoira was in some way negligent, no reasonable jury could find that Ravoira's negligence equaled, or was greater than, Bloom's negligence. On appeal, the Court of Appeals reversed holding that there were questions of material fact which precluded summary judgment.

## ISSUE

Did the Court of Appeals err in reversing the trial court's grant of summary judgment?

## DISCUSSION

Ravoira argues that no reasonable jury could find that Bloom's negligence was not greater than any negligence on the part of Ravoira. We agree.

Summary judgment is warranted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. In

determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Koester v. Carolina Rental Ctr., Inc.,* 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994). Even when there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Id.*

Bloom alleged in his complaint that Ravoira negligently caused his injuries. To establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty. *E.g., Bishop v. South Carolina Dep't of Mental Health,* 331 S.C. 79, 502 S.E.2d 78 (1998). However, under South Carolina's doctrine of comparative negligence, a plaintiff may only recover damages if his own negligence is not greater than that of the defendant. *Nelson v. Concrete Supply Co.,* 303 S.C. 243, 399 S.E.2d 783 (1991).

Ordinarily, comparison of the plaintiff's negligence with that of the defendant is a question of fact for the jury to decide. *Creech v. South Carolina Wildlife and Marine Resources Dep't,* 328 S.C. 24, 32, 491 S.E.2d 571, 575 (1997); *accord Brown v. Smalls,* 325 S.C. 547, 481 S.E.2d 444 (Ct.App. 1997). In a comparative negligence case, the trial court should only determine judgment as a matter of law if the sole reasonable inference which may be drawn from the evidence is that the plaintiff's negligence exceeded fifty percent. *Creech,* 328 S.C. at 33, 491 S.E.2d at 575 (discussing directed verdict standard); *see also Hopson v. Clary,* 321 S.C. 312, 314, 468 S.E.2d 305, 307 (Ct.App.1996) ("If the evidence as a whole is susceptible to only one reasonable inference, no jury issue is created" and a directed verdict motion is properly granted). Therefore, summary judgment is generally not appropriate in a comparative negligence case.

Under South Carolina law, Ravoira, as a driver, and Bloom, as a pedestrian, owed certain duties. Regarding pedestrian duties, a "pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked

crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." S.C.Code Ann. § 56–5–3150(a) (1991). In addition, where traffic-control signals operate between adjacent intersections, "pedestrians shall not cross at any place except in a marked crosswalk." S.C.Code Ann. § 56–5–3150(c) (1991). Drivers are charged with the duty to exercise due care to avoid colliding with any pedestrian. S.C.Code Ann. § 56–5–3230 (1991).

█ On summary judgment motion, a court must view the facts in the light most favorable to the non-moving party. *Koester, supra.* Nonetheless, a court "cannot ignore facts unfavorable to that party and [it] must determine whether a verdict for the party opposing the motion would be reasonably possible under the facts." *Hopson,* 321 S.C. at 314, 468 S.E.2d at 307 (discussing directed verdict motion). In our opinion, a verdict for Bloom is not reasonably possible under the facts of this case.

First, we note there are many facts which, even when viewed in the light most favorable to Bloom, clearly show that Bloom was negligent. For example, the undisputed facts establish that Bloom entered the street, from between two parked cars, and was struck by Ravoira's vehicle. Bloom testified that he looked left, then right, and then entered the street. However, he was struck from his left and he did not state that he looked to his left again after looking right. A disinterested witness testified that the accident occurred a split second after Bloom entered the street. Bloom and Ravoira both testified that neither one saw the other prior to impact, and the Simpsons also stated that they did not see Bloom prior to the accident. The only inference to be drawn from this evidence is that Bloom entered the street quickly and without any warning to drivers.

Moreover, although there were crosswalks and traffic signals at both corners, Bloom chose to cross in the middle of the block. Thus, by Bloom's own testimony, he breached his duties as a pedestrian. *See* S.C.Code Ann. § 56–5–3150 (1991). This breach is compounded by the fact that it was dark and rainy out, and Bloom—who was dressed in dark clothing—quickly entered the street from between two parked vehicles.

Regarding Ravoira's conduct, the evidence establishes that Ravoira was driving no more than 25 m.p.h. and was not driving recklessly. His car lights and windshield wipers were on. Both Ravoira and his wife testified that only she was looking for Queen Street while Ravoira was driving.

The Court of Appeals held that genuine issues of material fact existed which prevented summary judgment in Ravoira's favor. For example, the Court of Appeals found that because Ravoira's wife was looking for Queen Street, there was a reasonable inference that Ravoira's attention was diverted and he was not keeping a proper lookout. Ravoira contends that the issues of fact highlighted by the Court of Appeals do not rise to the level of "material" issues of fact because, as a matter of law, the evidence shows that Bloom is more than fifty percent negligent. We agree.

·The instant case is analogous to *Hopson v. Clary, supra.* In *Hopson,* the facts showed that the plaintiff Hopson was driving down a street and the defendant Clary was driving behind her. Hopson slowed down and pulled her car to the right. When Hopson attempted a U-turn, Clary's vehicle collided with Hopson's vehicle. *Hopson,* 321 S.C. at 313, 468 S.E.2d at 307. The trial court granted a directed verdict for Clary finding that, as a matter of law, Hopson's own negligence was greater than any potential negligence by Clary. The Court of Appeals affirmed. Specifically, the Court of Appeals found that the evidence showed that "Hopson attempted an inherently precarious maneuver without ascertaining whether she could do so safely." *Id.* at 315, 468 S.E.2d at 308.

Here, the undisputed facts establish that Bloom attempted to cross the street but did not do so in a safe, reasonable manner. Any factual issues which might exist as to Ravoira's fault in this accident cannot alter the inescapable conclusion that, as a matter of law, Bloom's fault exceeded fifty percent. Where evidence of the plaintiff's *greater* negligence is overwhelming, evidence of slight negligence on the part of the defendant is simply not enough for a case to go to the jury. *See id.* at 314, 468 S.E.2d at 307 (where the evidence as a whole is susceptible to only one reasonable inference, no jury issue is created).

■ We note that our decision is no departure from the rule that summary judgment is a "drastic remedy" which should be "cautiously invoked." *Baughman v. American Tel. and Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) (citations omitted). Nevertheless, in the rare case where a verdict is not reasonably possible under the facts presented, summary judgment is proper. Accordingly, we find that the trial court correctly granted summary judgment and the Court of Appeals erred in reversing the trial court's decision.

## CONCLUSION

We reverse the Court of Appeals' opinion which reversed the grant of summary judgment.

**REVERSED.**

TOAL, C.J., MOORE, BURNETT, JJ., and Acting Associate Justice R. MARKLEY DENNIS, Jr., concur.