THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Fannie Melette,       
Appellant,
 
 
 

v.

 
 
 
Hannaford Brothers, Co., d/b/a Wilson's Grocery Store,       
Respondent.
 
 
 

Appeal From Marion County
James E. Brogdon, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-686
Submitted September 17, 2003  Filed 
 November 24, 2003

AFFIRMED

 
 
 
Fannie Melette, of Marion, for Appellant.
William E. Hopkins, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  Fannie Melette appeals the 
 trial courts grant of directed verdict in favor of Hannaford Brothers Company.  
 We affirm [1] pursuant to Rule 220(b)(2), SCACR 
 and the following authorities:  Hopson v. Clary, 321 S.C. 312, 468 S.E.2d 
 305 (Ct. App. 1996) (On appeal from an order granting a directed verdict, this 
 court must view the evidence and all reasonable inferences from the evidence 
 in the light most favorable to the party against whom the directed verdict was 
 granted.); see also Bloom v. Ravoira, 339 S.C. 417, 529 S.E.2d 
 710 (2000) (If the evidence as a whole is susceptible to only one reasonable 
 inference, no jury issue is created and a directed verdict motion is properly 
 granted.); Wintersteen v. Food Lion, Inc., 344 S.C. 32, 35, 542 S.E.2d 
 728, 729 (2001) (To recover damages for injuries caused by dangerous or defective 
 conditions on a storekeepers premises, the Plaintiff must show either (1) that 
 the injury was caused by a specific act of the defendant which created the dangerous 
 condition: or (2) that the defendant had actual or constructive knowledge of 
 the dangerous condition and failed to remedy it.); Calvert v. House Beautiful 
 Paint and Decorating Center, Inc., 313 S.C. 494, 443 S.E.2d 398 (1994) (The 
 mere fact a foreign substance was on the floor is insufficient standing alone 
 to charge the store with negligence.); Olson v. Faculty House of Carolina, 
 Inc., 344 S.C. 194, 206, 544 S.E.2d 38, 44 (Ct. App. 2001) (The defendant 
 will be charged with constructive notice whenever it appears that the condition 
 has existed for such length of time prior to the injury that, under existing 
 circumstances, he should have discovered and remedied it in the exercise of 
 due care; conversely, absent evidence of such preexistence, the defendant may 
 not be so charged.), affd 354 S.C. 161, 580 S.E.2d 440 (2003). 
AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.