THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Frankie Neal, as Personal Representative of the Estate of Francesca L. Neal,
Appellant,
v.
Ashleigh Place, Inc., S.C. Department of Juvenile Justice and S.C. Department of Mental Health,
Respondents.
 
 
 

Appeal From Barnwell County
 William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2005-UP-190
Submitted March 1, 2005  Filed March 14, 2005

AFFIRMED

 
 
 
Charles B. Ridley, Sr., of Rock Hill, and Mitchell Jerry Williams, of Columbia, for Appellant.
James E. Parham, Jr., of Irmo; James M. Davis, of Columbia; and Terry E. Richardson, Daniel S. Haltiwanger, and J. David Butler, all of Barnwell, for Respondents.
 
 
 

PER CURIAM: Frankie Neal, as personal representative of the estate of Francesca Neal, appeals from a grant of summary judgment in his wrongful death and survival action against Ashleigh Place, Inc., the South Carolina Department of Mental Health (DMH), and the South Carolina Department of Juvenile Justice (DJJ) (collectively Respondents).  We affirm.[1]
 FACTS
 On June 27, 2002, Neals 14-year-old daughter, Francesca Neal, stole a car and was involved in a one-car accident that resulted in her death.  Francesca had stolen vehicles on three occasions in the fifteen months prior to her death.  
 The first theft occurred on April 12, 2001 when Francesca broke into a neighbors home and stole her vehicle.  As a result, Francesca was admitted to several institutions under the care of DMH and DJJ.  After her release, on June 19, 2001, Francesca was placed at the Rock Hill Girls Home until eight days later, when she stole a van from the home and ran away.  Francesca was again admitted to several DMH and DJJ facilities.  
 On October 1, 2001, Francesca was placed at the Ellen Hines Smith Girls Home in Spartanburg; however, six days later, she ran away from the home.  Again, Francesca was placed in various DMH and DJJ facilities until she was discharged into Neals care.  Francesca was assigned a mentor to help her readjust to family life; however, on May 19, 2002, she stole her mentors car keys and took her car without her permission.  Francesca was charged with grand larceny auto and sentenced to 90 days in a DJJ facility.  
 On June 5, 2002, DJJ and DMH placed Francesca at Ashleigh Place, a charitable organization that serves as an unsecured high management group home for troubled female juveniles.  On June 17, 2002, Francesca stole a staff members car keys; however, they were found in her possession before she could steal the car.  Francescas DJJ probation officer was informed on June 25, 2002 that Francesca had been caught with a staff members keys.  She then contacted Francescas DMH counselor, who called Ashleigh Place and was assured that the facility could manage [Francescas] threats.  One of the precautions Ashleigh Place took to prevent Francesca from stealing again was to require her to wear a white outfit that had no pockets so she could be observed.  However, just two days later, Francesca left the residence building without permission, broke into the locked Directors office, and removed the Directors keys from her desk.  She then stole the Directors vehicle and sped off from the facility at a high rate of speed, estimated at 70 miles per hour.  Staff immediately called 911 to report the stolen vehicle.  About a quarter of a mile away from the facility, Francesca ran off the road and flipped the vehicle.  Francesca was not wearing a seatbelt, was thrown from the vehicle, and was killed as a result.  Members of the Ashleigh Place staff drove out to meet the police when they found the overturned vehicle.  There were no witnesses to the accident and there was no indication that anyone did anything to prompt Francesca to drive in a dangerous manner.
 On May 15, 2003, Neal brought an action against Respondents for the wrongful death of Francesca, alleging that Ashleigh Place was negligent in failing to prevent Francesca from stealing the vehicle, and DJJ and DMH were grossly negligent in placing Francesca at Ashley Place and in failing to use slight care when they were notified that Francesca had stolen a staff members car keys.  Respondents filed motions for summary judgment.  After a hearing on February 2, 2004, the trial judge granted Respondents motions, holding that no jury under these facts could determine that [Francesca] did not contribute to her death in a percentage of fault and wrongdoing that exceeded 50%.  Neal now appeals.   
 LAW/ANALYSIS
 Neal argues the trial court erred by granting Respondents motions for summary judgment because issues of a partys negligence are a question of fact for a jury in both negligence and comparative negligence scenarios.  We disagree.
 Summary judgment is appropriate when it is clear there is no issue of material fact and the moving party is entitled to a judgment as a matter of law.  Baughman v. American Tel. & Tel. Co., 306 S.C. 101, 114-115, 410 S.E.2d 537, 545 (1991).  In ruling on a motion for summary judgment, the evidence and the inferences that can be drawn therefrom should be viewed in the light most favorable to the non-moving party.  Id. at 115, 410 S.E.2d 537 at 545.  In reviewing the grant of summary judgment, the appellate court applies the same standard that governs the trial court under Rule 56, SCRCP.  Id. at 114, 410 S.E.2d 537 at 545.  
 To establish a cause of action in negligence, Neal must prove three elements: (1) a duty of care owed by Respondents to Francesca; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty.  Bloom v. Ravoira, 339 S.C. 417, 422, 529 S.E.2d 710, 712 (2000).  
 Neal argues the trial court erred by granting summary judgment to Respondents DJJ and DMH because the evidence was sufficient for a jury to find gross negligence on their part.  
 South Carolina Code section 15-78-60(25) (2005) states that a governmental entity is only liable for a loss resulting from the supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity when the responsibility or duty is exercised in a grossly negligent manner.  Our supreme court has defined gross negligence, as applied to a governmental entity, as the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do.  Jinks v. Richland County, 355 S.C 341, 345, 585 S.E.2d 281, 283 (2003).  It is the failure to exercise slight care.  Id.  Gross negligence has also been defined as a relative term and means the absence of care that is necessary under the circumstances.  Id.    
 Neal claims that DJJ and DMH were grossly negligent in placing Francesca at Ashley Place.  It appears that Neal postulates that DJJ and DMH should have placed Francesca in a secure facility; however, the family court order stated she was to be placed in a group home.  Furthermore, Ashleigh Place is a high management facility, which is the highest level of security short of confinement in a secure facility, and placing Francesca in a secure facility would have violated the family court order.  Neal also claims that DJJ and DMH were grossly negligent in failing to use slight care when they were alerted that Francesca had stolen a staff members car keys; however, when notified of the incident, Francescas DJJ probation officer and DMH counselor contacted Ashleigh Place to confirm the facility was aware of Francescas history of car theft and was capable of handling Francescas threats.  
 Viewing the evidence in the light most favorable to Neal, it cannot be said that DJJ and DMH intentionally failed to do what they were obligated to do, which was to place Francesca in a group home and monitor her progress.  Thus, the trial court did not err by granting DJJ and DMHs motions for summary judgment.
 Neal also argues the trial court erred by granting summary judgment to Respondent Ashleigh Place because the evidence was sufficient for a jury to find simple negligence on its part.  
 Neal claims that Ashleigh Place was negligent by taking insufficient precautions to keep Francesca from stealing a staff members keys a second time.  However, Ashleigh Place took several precautions to prevent Francesca from obtaining car keys: Ashleigh Place made Francesca wear a suit without pockets and stored the keys in a locked office that Francesca was not permitted to enter.  Thus, Ashleigh Place was not negligent in its efforts to prevent Francesca from stealing a car and the trial court did not err by granting Ashleigh Places motion for summary judgment.      
 Furthermore, Neal argues the issue of Respondents negligence is a question of fact for a jury in a comparative negligence scenario.  However, under South Carolinas doctrine of comparative negligence, a plaintiff may only recover damages if his own negligence is not greater than that of the defendant.  Bloom, 339 S.C. at 422, 529 S.E.2d at 712-713.  While the issue of a partys negligence is generally a question of fact for a jury, in a comparative negligence case, the trial court should determine judgment as a matter of law if the sole reasonable inference which may be drawn from the evidence is that the plaintiffs negligence exceeded fifty percent.  Id. at 422, 529 S.E.2d at 713.  Thus, viewing the facts in the light most favorable to the non-moving party, the court must determine whether a verdict for the opposing party would be reasonably possible under the facts.  Id. at 423, 529 S.E.2d at 713.
 In this case, the trial judge found that the undisputed facts in this case cause the court to determine as a matter of law that any negligence on the part of the [Respondents] was exceeded by relevant conduct of [Francesca] that was negligent and reckless, at a minimum.  The court determined that even if Ashleigh Place had a duty to keep Francesca from stealing cars (which it declined to do), the theft of the car alone did not kill her.  Despite Ashleigh Places efforts to keep Francesca from acquiring anyones car keys, she broke into a locked office, searched through a desk, took the keys to a car, and stole a vehicle.  Considering these facts, the trial court did not err by granting summary judgment to Respondents.
 AFFIRMED.    
 ANDERSON, BEATTY and SHORT, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.