**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Yancey Environmental Solutions, LLC, Appellant,

v.

Richardson Plowden & Robinson, P.A. and George Harold Hanlin, Respondents.

Appellate Case No. 2012-212687

Appeal From Richland County
Eugene C. Griffith Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-042
Heard December 9, 2014 – Filed January 28, 2015

**AFFIRMED**

Thomas A. Pendarvis and Catherine Brown Kerney, both of Pendarvis Law Offices, PC, of Beaufort, for Appellant.

Susan Pedrick McWilliams, Daniel C. Leonardi, and Tanya Amber Gee, all of Columbia, and Burl F. Williams, of Greenville, all of Nexsen Pruet, LLC, for Respondents.

**PER CURIAM:**  In this legal malpractice action, Appellant Yancey Environmental Solutions, LLC challenges the circuit court's granting of a directed verdict to Respondents, Richardson Plowden & Robinson, P.A. and George Harold Hanlin.  Appellant argues the circuit court improperly weighed the evidence of proximate cause rather than focusing on its sufficiency.  Appellant also seeks review of several of the circuit court's evidentiary rulings.  We affirm.

"In ruling on a motion for directed verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motion and to deny the motion when either the evidence yields more than one inference or its inference is in doubt." *Estate of Carr ex rel. Bolton v. Circle S Enters., Inc.*, 379 S.C. 31, 38, 664 S.E.2d 83, 86 (Ct. App. 2008) (citations omitted).  "However, this rule does not authorize submission of speculative, theoretical, or hypothetical views to the jury."  *Id.* (citation omitted).

> In essence, the court must determine whether a verdict for the opposing party would be reasonably possible under the facts as liberally construed in his or her favor. The appellate court will reverse the trial court's ruling on a directed verdict motion only when there is no evidence to support the ruling or when the ruling is controlled by an error of law.  When considering directed verdict motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence.

*Id.* at 38-39, 664 S.E.2d at 86 (citations omitted).  Nonetheless, "[i]f the evidence as a whole is susceptible to only one reasonable inference, no jury issue is created and the motion was properly granted."  *Hopson v. Clary*, 321 S.C. 312, 314, 468 S.E.2d 305, 307 (Ct. App. 1996) (citation omitted).

"A plaintiff in a legal malpractice action must establish four elements:  (1) the existence of an attorney-client relationship, (2) a breach of duty by the attorney, (3) damage to the client, and (4) proximate causation of the client's damages by the breach."  *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331, 732 S.E.2d 166, 170 (2012) (citations omitted).

Here, we acknowledge the evidence shows that Justice Family Farms, LLC was planning on recording a conservation easement on Black River Farms in 2007. However, there was no reasonable inference from the evidence that the oral agreement between Appellant and Jim Justice Jr. conditioned the payment of Appellant's consulting fee on the completion of the transaction by the end of 2007. Further, Appellant did not present evidence that it was otherwise impossible to complete the transaction in 2008 after retaining replacement counsel. In fact, Appellant's principal, Yancey McLeod, did not even tell Justice that Respondents withdrew from representing Appellant. For these reasons, there was no evidence that Respondents' withdrawal from representation of Appellant prevented Justice Family Farms from recording the conservation easement, and then paying Appellant's fee, after 2007. *See Hopson*, 321 S.C. at 314, 468 S.E.2d at 307 ("If the evidence as a whole is susceptible to only one reasonable inference, no jury issue is created . . . ." (citation omitted)).

Accordingly, we affirm the directed verdict for Respondents. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); *Guffey v. Columbia/Colleton Reg'l Hosp., Inc.*, 364 S.C. 158, 163, 612 S.E.2d 695, 697 (2005) (holding an appellate court will affirm a directed verdict when there is no evidence on any one element of the alleged cause of action); *Eadie v. Krause*, 381 S.C. 55, 64-65, 671 S.E.2d 389, 393 (Ct. App. 2008) ("In the context of a legal malpractice action, the plaintiff bears the burden of proving the alleged malpractice proximately caused damage to [the] plaintiff[,] and the defendant may be held liable for anything which appears to have been a natural and probable consequence of his negligence." (citation omitted)); *Brown v. Theos*, 338 S.C. 305, 312, 526 S.E.2d 232, 236 (Ct. App. 1999) (holding the defendants' alleged legal malpractice in the plaintiff's conviction for various drug offenses was not the cause of his incarceration; rather, the plaintiff's plea of no contest to drug charges after having been granted a new trial on the ground of ineffective assistance of counsel caused his incarceration), *aff'd*, 345 S.C. 626, 550 S.E.2d 304 (2001).

Appellant's remaining issues challenge rulings on evidence offered to show that, had McLeod recommended recording the conservation easement in 2007 despite the pending IRS investigation, Justice Family Farms most probably would have done so. We need not reach the merits of these evidentiary rulings because we affirm on the sole ground set forth above. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an

appellate court need not address the remaining issues on appeal when resolution of a prior issue is dispositive).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur**.