# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

William Sean Irvin, Jr., as Personal Representative for the Estate of Jonathan Edward Irvin, deceased, Appellant,

v.

City of Folly Beach, South Carolina Department of Transportation, Daniel Wilcutt, and Mitchell Dewitt Rabon, Jr., Defendants,

Of whom Mitchell Dewitt Rabon, Jr. is the Respondent.

Appellate Case No. 2017-002317

———————————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————————

Opinion No. 5789
Submitted May 14, 2020 – Filed January 13, 2021

———————————

**AFFIRMED**

———————————

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA; and Ian Richard O'Shea and Brooklyn Ansley O'Shea, both of O'Shea Law Firm, LLC, all of Charleston, for Appellant.

David Starr Cobb, of Turner Padget Graham & Laney, PA, of Charleston, for Respondent.

———————————

**WILLIAMS, J.:** In this civil matter, William S. Irvin, as the personal representative for the estate of his brother Jonathan E. Irvin (Decedent), appeals the circuit court's order granting summary judgment to Mitchell D. Rabon, Jr. on Irvin's negligence claim arising from the accident that led to Decedent's death. We affirm.

## FACTS/PROCEDURAL HISTORY

The dispute at issue arose from a vehicular accident that occurred in Folly Beach, South Carolina, which resulted in the death of Decedent.[1] On October 5, 2013, Decedent was driving his motorcycle on East Cooper Avenue in a westbound direction. Further down the road, East Cooper Avenue intersected with Second Street. The intersection contained stop signs at the Second Street access points, designating East Cooper Avenue drivers with the right of way. As Decedent approached the intersection, Daniel Wilcutt, who was traveling in a southbound direction on Second Street, turned left onto East Cooper Avenue without yielding to oncoming traffic. Consequently, Wilcutt's vehicle collided with Decedent's motorcycle. The collision pushed Decedent's motorcycle further west on East Cooper Avenue where it collided with the rear of Rabon's truck, which was parked off the road along the right side past the intersection in question; Rabon was not in his vehicle. Decedent died at the hospital later that day from his sustained injuries.

Irvin filed a pro se summons and complaint, alleging Rabon's negligence in parking his truck contributed to Decedent's death.[2] In his complaint, Irvin asserted Rabon "illegally parked in the right-of-way on the right shoulder" of East Cooper Avenue. Irvin later obtained counsel and filed an amended summons and complaint, which asserted the same allegations against Rabon. Neither Irvin's original complaint nor the amended complaint specifically alleged how Rabon's truck was "illegally parked." Rabon timely answered, denying Irvin's allegations and asserting the defense of comparative negligence.

---

[1] The facts are presented in the light most favorable to Irvin. *See Bennett v. Carter*, 421 S.C. 374, 379–80, 807 S.E.2d 197, 200 (2017) (providing that on appeal from an order granting summary judgment, this court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party).
[2] In his complaint, Irvin also asserted negligence causes of action against Wilcutt, the City of Folly Beach, and the South Carolina Department of Transportation. These claims are not at issue in this appeal.

Rabon subsequently deposed Irvin.  In his deposition, Irvin admitted there were no stop signs at the access points of the intersection on East Cooper Avenue and that Rabon's truck was parked along East Cooper Avenue past the intersection and "off the roadway."  Irvin also acknowledged that he did not specifically know how Rabon's truck was parked illegally but recalled the crash examiners stating Rabon was parked in a "right of way."

Thereafter, Rabon filed a motion for summary judgment, arguing Irvin had failed to present sufficient evidence to establish a question of fact as to whether any alleged negligence of Rabon contributed to Decedent's injuries and death.  Rabon specifically asserted Irvin failed to present evidence showing Rabon's truck was parked in violation of section 56-5-2530 because Irvin admitted Rabon's truck was parked off the roadway and the evidence showed there were no stop signs on East Cooper Avenue at the intersection where the initial collision with Wilcutt's vehicle occurred.[3]  Irvin did not file a motion in opposition to Rabon's motion for summary judgment.

At the summary judgment hearing, Irvin conceded Rabon's truck did not violate subsection 56-5-2530(A)(2)(d), but he submitted an affidavit in which he raised a new allegation of negligence against Rabon.  Specifically, Irvin alleged Rabon parked his truck in violation of subsection 56-5-2530(A)(2)(c), which prohibits a person from parking a vehicle within twenty feet of a crosswalk at an intersection.[4, 5]  Rabon argued Irvin failed to establish a material question of fact as to whether he parked his truck in violation of subsection 56-5-2530(A)(2)(c) because (1) Irvin's affidavit failed to present admissible evidence of personal

---

[3] *See* S.C. Code Ann. § 56-5-2530(A)(2)(d) (2017) ("Except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or official traffic-control device, no person shall: . . . [s]tand or park a vehicle, whether occupied or not, . . . [w]ithin thirty feet upon the approach to any flashing signal, stop sign, yield sign or traffic-control signal located at the side of a roadway.").

[4] *See* S.C. Code Ann. § 56-5-2530(A)(2)(c) (2017) ("Except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or official traffic-control device, no person shall: . . . [s]tand or park a vehicle, whether occupied or not, . . . [w]ithin twenty feet of a crosswalk at an intersection.").

[5] Irvin additionally noted Rabon's parked truck violated Folly Beach's city ordinance section 72.01, which he alleged was nearly identical to section 56-5-2530.

knowledge as required by Rule 56(e), SCRCP, and (2) Irvin failed to present any other evidence in his pleadings or deposition sufficient to raise a question of fact. Additionally, Rabon asserted summary judgment was proper because Irvin failed to present any evidence that Rabon's parked truck proximately caused Decedent's injuries and subsequent death, alleging Rabon's truck was merely the "stopping point" for Decedent's motorcycle.  Following the parties' arguments, the circuit court took the matter under advisement.

The circuit court granted Rabon's motion for summary judgment, via a Form 4 order, finding "Rabon demonstrated that there [was] no genuine issue of material fact as to the claims against him."  Irvin subsequently filed a motion for reconsideration pursuant to Rule 59(e), SCRCP, which the circuit court denied. This appeal followed.

**STANDARD OF REVIEW**

"The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder." *Prince v. Liberty Life Ins. Co.*, 390 S.C. 166, 169, 700 S.E.2d 280, 281 (Ct. App. 2010).  This court reviews a grant of summary judgment under the same standard applied by the circuit court under Rule 56(c), SCRCP.  *Loflin v. BMP Dev., LP*, 427 S.C. 580, 588, 832 S.E.2d 294, 298 (Ct. App. 2019).  Pursuant to Rule 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 329–30, 673 S.E.2d 801, 802 (2009).  "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Id.* at 330, 673 S.E.2d at 803.  "[A] scintilla is a perceptible amount.  There still must be a verifiable spark, not something conjured by shadows." *Gibson v. Epting*, 426 S.C. 346, 352, 827 S.E.2d 178, 181 (Ct. App. 2019).  "[I]n the rare case whe[n] a verdict is not reasonably possible under the facts presented, summary judgment is proper." *Bloom v. Ravoira*, 339 S.C. 417, 425, 529 S.E.2d 710, 714 (2000).

**LAW/ANALYSIS**

## I.      Summary Judgment

### A.      Genuine Issues of Material Fact

Irvin contends the circuit court erred in granting summary judgment to Rabon because he presented genuine issues of material fact as to Rabon's negligence in parking his truck, therefore rendering summary judgment improper. Specifically, Irvin asserts he presented evidence raising issues of fact in his affidavit. We disagree.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e), SCRCP. "Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.* (emphasis added). "Allegations made upon information and belief do not meet the 'personal knowledge' requirements of Rule 56(e)." *Dawkins v. Fields*, 354 S.C. 58, 68, 580 S.E.2d 433, 438 (2003).

"To establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Bloom*, 339 S.C. at 422, 529 S.E.2d at 712. "Negligence per se is negligence arising from the defendant's violation of a statute." *Trivelas v. S.C. Dep't of Transp.*, 348 S.C. 125, 134, 558 S.E.2d 271, 275 (Ct. App. 2001).

We find the circuit court properly granted summary judgment to Rabon because Irvin's affidavit failed to present evidence (1) sufficient to raise a question of fact as to Rabon's alleged negligence in parking his truck or (2) to constitute negligence per se. In his affidavit, Irvin alleged Rabon parked his truck in violation of subsection 56-5-2530(A)(2)(c) by parking within twenty feet of a crosswalk at an intersection. *See* § 56-5-2530(A)(2)(c) ("Except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or

official traffic-control device, no person shall: . . . [s]tand or park a vehicle, whether occupied or not, . . . [w]ithin twenty feet of a crosswalk at an intersection."). Irvin stated that after his deposition in which he admitted he did not specifically know how Rabon's vehicle was illegally parked, he took measurements of the intersection that indicated Rabon's truck was parked within twenty feet of the crosswalk at the intersection of East Cooper Avenue and Second Street. Although he acknowledged the intersection did not contain a marked crosswalk, Irvin alleged that pursuant to subsection 56-5-500(1), every intersection contains a crosswalk whether it is marked or not. *See* S.C. Code Ann. § 56-5-500(1) (2017) ("A 'crosswalk' is: . . . [t]hat part of a roadway at an intersection included within the connections of the lateral lines of the sidewalks on opposite sides of the highway measured from the curbs or in the absence of curbs from the edges of the traversable roadway . . . ."). In measuring the distance between Rabon's truck and the unmarked crosswalk, Irvin used a generic schematic of an intersection with marked crosswalks that he obtained from the internet and also used the measurements indicated in the coroner's accident report. Irvin opined that based on these measurements, Rabon's truck was parked within ten to fifteen feet of the intersection. Irvin attached to his affidavit a copy of the diagram of the intersection contained in the accident report, the generic schematic, and the diagram he created using the generic schematic and measurements from the accident report.

Based on the foregoing, it is apparent that Irvin's measurements are not based upon personal knowledge as required by Rule 56(e). *See Dawkins*, 354 S.C. at 68, 580 S.E.2d at 438 ("Allegations made upon information and belief do not meet the 'personal knowledge' requirements of Rule 56(e)."). Irvin did not personally measure the intersection on the day of the accident or following the deposition but rather relied on a generic schematic of an intersection and the measurements noted in the coroner's accident report to create his own measurements. Moreover, in his motion for reconsideration, Irvin admitted the accident report did not contain the measurement of the distance between Rabon's parked truck and the intersection. Thus, Irvin's measurements are solely based upon mere conjecture of where a crosswalk would be located in the East Cooper Avenue and Second Street intersection based upon the dimensions of the generic schematic and his understanding of subsection 56-5-500(1). Accordingly, we hold Irvin failed to present facts sufficient to support his contention that Rabon parked his truck in violation of subsection 56-5-2530(A)(2)(c) to constitute negligence per se. *See McKnight v. S.C. Dep't of Corr.*, 385 S.C. 380, 389, 684 S.E.2d 566, 570 (Ct. App. 2009) ("South Carolina courts have consistently held evidence must amount to more than speculation and conjecture to submit a case to the jury."). Thus, we find

the circuit court did not err in granting summary judgment to Rabon. *See Bloom*, 339 S.C. at 425, 529 S.E.2d at 714 ("[I]n the rare case whe[n] a verdict is not reasonably possible under the facts presented, summary judgment is proper.").

**B.     Remaining Issues**

Irvin additionally argues the circuit court erred in granting summary judgment to Rabon because (1) the parties had not completed discovery; (2) the circuit court's order deprived the parties of "meaningful judicial review"; and (3) Rabon asserted the defense of comparative negligence, which rendered summary judgment improper. We disagree.

First, we find Irvin's contention that the circuit court's grant of summary judgment was premature because the parties had not completed discovery is unpreserved for appellate review as Irvin did not raise this argument until his motion for reconsideration. *See Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) (per curiam) ("An issue may not be raised for the first time in a motion to reconsider."). Although Irvin did note in his affidavit and at the summary judgment hearing that the parties had not completed discovery, he made no assertion to the circuit court that summary judgment would be improper on that basis. Moreover, we find this argument lacks merit because even if further discovery revealed evidence that Rabon illegally parked his truck, the record indicates Irvin would still be unable to establish a causal relationship between Rabon's statutory violation and Decedent's injuries and consequential death. *See Dawkins*, 354 S.C. at 69, 580 S.E.2d at 439 (providing that although summary judgment is a drastic remedy and ordinarily should not be granted until the parties have had a fair opportunity to complete discovery, the nonmoving party must still demonstrate that further discovery will reveal additional relevant evidence to support his claim); *id.* at 71, 580 S.E.2d at 439–40 (holding the circuit court did not err in granting summary judgment even though the parties had not completed discovery because "further discovery was unlikely to create any genuine issue of material fact").

Second, we find Irvin's assertion that the circuit court deprived the parties of meaningful judicial review by solely issuing a Form 4 order without specific findings of fact is without merit. *See* Rule 52(a), SCRCP ("Findings of fact and conclusions of law are *unnecessary* on decisions of motions *under Rules 12 or 56* or any other motion except as provided in Rule 41(b)." (emphases added)).

Finally, we find Irvin's argument that the circuit court improperly granted summary judgment because Rabon raised the defense of comparative negligence is unpreserved for appellate review as Irvin never raised this argument to the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**CONCLUSION**

Based on the foregoing, the circuit court's order is

**AFFIRMED.**

**KONDUROS and HILL, JJ., concur.**