**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sterling Hills Homeowners' Association, Inc.,
Respondent,

v.

Elliot Hayes, Appellant.

Appellate Case No. 2020-000056

―――――――――

Appeal From Richland County
Thomas A. Russo, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2022-UP-256
Submitted May 1, 2022 – Filed June 8, 2022

―――――――――

**AFFIRMED**

―――――――――

Andrew Sims Radeker, of Harrison, Radeker & Smith,
P.A., of Columbia, for Appellant.

Christian Saville, of McCabe, Trotter & Beverly, P.C., of
Columbia, for Respondent.

―――――――――

**PER CURIAM:** Elliot Hayes appeals a circuit court order, arguing the circuit
court erred by (1) referring this case to the master-in-equity, (2) granting Sterling
Hills Homeowners' Association's motions to dismiss two of his counterclaims, and

(3) granting Sterling Hills's motion for summary judgment on his third counterclaim. We affirm.

1. We hold the circuit court did not err by referring this case to the master-in-equity because Sterling Hills's causes of action and requested remedies were equitable, and therefore, Hayes was not entitled to a jury trial. *See Carolina First Bank v. BADD, LLC*, 414 S.C. 289, 292, 778 S.E.2d 106, 108 (2015) ("Whether a party is entitled to a jury trial is a question of law, which [an appellate court] reviews de novo . . . ."); *Lester v. Dawson,* 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997) ("[T]here is no right to trial by jury for equitable actions."); *Cedar Cove Homeowners Ass'n, Inc. v. DiPietro*, 368 S.C. 254, 258, 628 S.E.2d 284, 286 (Ct. App. 2006) ("The character of an action as legal or equitable depends on the relief sought."); *Ins. Fin. Servs., Inc. v. S.C. Ins. Co.*, 271 S.C. 289, 293, 247 S.E.2d 315, 318 (1978) ("[A]n action sounding in law may be transformed to one in equity because equitable relief is sought."); *Crewe v. Blackmon*, 289 S.C. 229, 232-33, 345 S.E.2d 754, 756-57 (Ct. App. 1986) (concluding an action was equitable because most of the relief sought was equitable); *S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 622, 550 S.E.2d 299, 302 (2001) (stating an action to enforce restrictive covenants is equitable).

2. We hold the circuit court did not err by granting Sterling Hills's motion to dismiss Hayes's counterclaim for breach of contract because Hayes did not identify in his pleading any contract or the nature of the alleged breach. *See Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("Under Rule 12(b)(6), SCRCP, a [party] may move to dismiss a [claim against it] based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the [nonmoving party], states any valid claim for relief."); *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 491, 732 S.E.2d 205, 209 (Ct. App. 2012) ("The elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach.").

We also hold the circuit court did not err by granting Sterling Hills's motion to dismiss Hayes's counterclaim for violation of the South Carolina Unfair Trade Practices Act. Hayes's pleading failed to allege how Sterling Hills was engaged in "trade or commerce" constituting a "large scale use of unfair and deceptive trade practices" carried out "for sustenance or profit." *See Spence*, 368 S.C. at 116, 628 S.E.2d at 874 ("Under Rule 12(b)(6), SCRCP, a [party] may move to dismiss a [claim against it] based on a failure to state facts sufficient to constitute a cause of

action."); *id.* ("In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the [nonmoving party], states any valid claim for relief."); *Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry*, 403 S.C. 623, 639, 743 S.E.2d 808, 816 (2013) ("'[T]rade or commerce' involves '[e]very business occupation carried on for subsistence or profit . . . .'" (quoting *Black's Law Dictionary* (9th ed. 2009))); *Noack Enters., Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S.C. 475, 477, 351 S.E.2d 347, 349 (Ct. App. 1986) ("The legislature intended in enacting the [South Carolina Unfair Trade Practices Act] to control and eliminate 'the large scale use of unfair and deceptive trade practices . . . .'" (quoting Note, *Consumer Protection and the Proposed "South Carolina Unfair Trade Practices Act,"* 22 S.C. L. REV. 767, 787 (1970)))).

Additionally, whether the circuit court erred by failing to grant leave for Hayes to amend his pleading is not preserved for review by the court. *See Kitchen Planners, LLC v. Friedman*, 432 S.C. 267, 279-80, 851 S.E.2d 724, 731 (Ct. App. 2020) (finding the appellant's argument that it was entitled to amend its complaint was not preserved because "it never requested leave of the circuit court to amend its pleadings" and instead "it raise[d] th[e] argument for the first time on appeal").

3.  We hold the circuit court did not err by granting Sterling Hills's motion for summary judgment on Hayes's counterclaim requesting a declaratory judgment that Sterling Hills had acted ultra vires.  Hayes failed to present any evidence from which a factfinder could reasonably find that Sterling Hills failed to hold elections for its board of directors, despite the existence of a quorum at an annual meeting, or that any of the existing directors were improperly appointed. *See Bluestein v. Town of Sullivan's Island*, 429 S.C. 458, 462, 839 S.E.2d 879, 881 (2020) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." (quoting *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011))); Rule 56(c), SCRCP (providing that a grant of summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Bloom v. Ravoira*, 339 S.C. 417, 423, 529 S.E.2d 710, 713 (2000) ("Nonetheless, a court 'cannot ignore facts unfavorable to [the non-moving] party and [it] must determine whether a verdict for the party opposing the motion would be reasonably possible under the facts.'" (quoting *Hopson v. Clary*, 321 S.C. 312, 314, 468 S.E.2d 305, 307 (Ct. App. 1996))); *id.* at 425, 529 S.E.2d at 714 ("[W]here a verdict is not reasonably possible under the facts presented, summary judgment is proper.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.