**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald L. Mims, Appellant,

v.

Diane W. Ray, Respondent.

Appellate Case No. 2022-000082

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-179
Submitted March 1, 2023 – Filed May 11, 2023

———————

**AFFIRMED**

———————

Robert Emmet Treacy, Jr. and Patrick Thomas Napolski, both of George Sink, PA Injury Lawyers, of North Charleston, for Appellant.

Christopher H. Pearce, Laurence Raymond Wells, IV, and Charles B. Jordan, Jr., all of The Pearce Law Group, P.C.; Marissa VanCamp Singleton, of Campbell & Associates, P.A.; and Pamela Ansari Cobiella, all of Myrtle Beach, for Respondent.

———————

**PER CURIAM:**  Ronald L. Mims appeals a circuit court order granting summary judgment to Diane W. Ray.  On appeal, Mims argues the court erred in granting summary judgment because more than one inference could arise from the evidence regarding fault.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in granting summary judgment to Ray because only one inference could emerge from the facts presented—Mims's negligence exceeded any potential negligence of Ray and Mims was therefore barred from recovery.  *See Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court . . . ."  ); *id.* at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *id.* ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." (quoting *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002))); *Abdelgheny v. Moody*, 432 S.C. 346, 349, 852 S.E.2d 225, 227 (Ct. App. 2020) ("Summary judgment is a drastic remedy to be invoked cautiously and must be denied if [the non-moving party] demonstrates a scintilla of evidence in support [his or] her claims."); *Bishop v. S.C. Dep't of Mental Health*, 331 S.C. 79, 88, 502 S.E.2d 78, 82 (1998) ("To establish a cause of action in negligence, three essential elements must be proven: (1) duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty."); *Bloom v. Ravoira*, 339 S.C. 417, 422, 529 S.E.2d 710, 712-13 (2000) ("[U]nder South Carolina's doctrine of comparative negligence, a plaintiff may only recover damages if his own negligence is not greater than that of the defendant."); *id.* at 422, 529 S.E.2d at 713 ("Ordinarily, comparison of the plaintiff's negligence with that of the defendant is a question of fact for the jury to decide."); *id.* ("In a comparative negligence case, the trial court should only determine judgment as a matter of law if the sole reasonable inference which may be drawn from the evidence is that the plaintiff's negligence exceeded fifty percent."); S.C. Code Ann. § 56-5-3230 (2018) (providing "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian"); S.C. Code Ann. § 56-5-3150(a) (2018) (stating "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway"); *Bloom*, 339 S.C. at 424, 529 S.E.2d at 714 (finding the court properly granted summary judgment when the facts presented overwhelmingly showed the plaintiff's fault exceeded the defendant's potential fault); *Est. of Haley ex rel. Haley v. Brown*, 370

S.C. 240, 243, 634 S.E.2d 62, 63 (Ct. App. 2006) (concluding the trial court did not err in granting a directed verdict because the "only reasonable inference" from the evidence was that the pedestrian's negligence "outweighed any possible negligence by" the driver).

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.